*Welles, J.
 

 — Three questions are presented upon the appeal for the decision of this court. I. It is contended by the counsel for the appellants, that “the transcript from the office of the register of deeds of the city and county of New York, of the deeds from Peter R. Livingston and wife to Robert J. Livingston, and from. the latter to said Peter R., were not admissible to prove the originals, because said deeds 1 *were not duly attested to authorize said register J to record them.”
 

 The deeds in question were acknowledged on the 18th day of March 1825, before Francis A. Livingston, who describes himself in the certificates of acknowledgment, as “a commissioner constituted by law to take the acknowledgments of deeds, &c.” To each of these certificates of acknowledgment was subjoined, certificates under the seal of the court of common pleas of the county -of Dutchess, bearing date the 21st March 1825, subscribed "Jacob Van Ness, clerk, by John J. Pells, deputy-clerk,” stating "that Francis A. Livingston, Esquire, before whom the annexed deed, or instrument in writing, was acknowledged, was, on the day when the said acknow
 
 *405
 
 ledgment was made,
 
 a commissioner for said county of Dutchess,
 
 and duly commissioned and sworn, and as such commissioner duly authorized by the laws of said state to take the proof and acknowledgment of deeds and other instruments in writing, and that I am acquainted with the handwriting of the said Francis A. Livingston, and verily believe the signature ‘F. A. Livingston’ subscribed to the said acknowledgment, is the proper handwriting of said Francis A. Livingston.”
 

 It is contended on behalf of the appellants, that the certificates of acknowledgment before the commissioner, should have been authenticated by certificates under
 
 the hand,
 
 as well as the official seal of the clerk of the county of Dutchess, in order to authorize the register of the city and county of New York to record the deeds; and that it was not competent for the deputy-clerk to make such last-mentioned certificates. The statute under which those certificates were made, declares it unlawful for the secretary of state, and clerks of counties, to record or register any deed, &c., the proof or acknowledgment whereof shall have been taken before a judge of any court of common pleas, or a commissioner to be appointed, &c., who, at the time of taking such proof or acknowledgment, shall reside out of the county in which such deed, &c., is required to be recorded, &c., unless there shall be subjoined to the certificate of such proof or acknowledgment, *“a certificate
 
 under the hand and official seal of the clerk
 
 of the county in which *- the said judge or commissioner shall reside, that the said judge or commissioner was, at the time of taking the said proof or acknowledgment, duly authorized
 
 to take the same,
 
 and that he is acquainted with the handwriting of the said judge or commissioner, and verily believes the signature to the said certificate of the proof or acknowledgment, to be his proper handwriting,” &c. (Laws of 1818, c. 55, § 5.)
 

 The point, in this particular connection, is, whether
 
 *406
 
 the requirement of the statute may be satisfied by a certificate made by the deputy of the county clerk; and this depends upon the question, whether the act of making the certificate was judicial or ministerial. We think, it was purely ministerial, and might well be done by the deputy in the name of the clerk. In the present case, the certificate was, in judgment of law, made by the clerk, as every other official act is done by him, when the deputy actually transacts the business in the name of his superior. The practical interpretation of this statute has always been, as I have understood, that the evidence to the mind of the clerk, to induce the belief of the genuineness of the handwriting of the commissioner, is, or may be, acquired from an inspection and comparison of the handwriting of the signature to the certificate, with that of the signature to the oath, and office-roll, subscribed by the same officer, which is matter of record with the clerk. It is obvious, that the question can be decided as well by the deputy as by the clerk, and is emphatically an act which it concerns persons transacting business at clerk’s offices to have done promptly, without delay, and by the person most sure to be found in his place. This, it is presumed, was one of the "principal objects of the law, requiring clerks of counties to appoint deputies. That the deputy has power to perform the act in question has been the generally received opinion with the legal profession, since the passage of the act, and such has been its practical construction. To hold otherwise, would be to disturb and unsettle a vast number of titles within the state; „ _ *which
 
 is
 
 a consideration entitled to much * 4-88 1 ■J weight in giving the act an interpretation.
 

 It is also objected, that the certificates are defective, in not stating that the person who took the acknowledgments was a commissioner
 
 to take the acknowledgment of deeds, &e., for the county of Dutchess;
 
 that they only state that he was a commissioner for said county, and as such
 
 *407
 
 was authorized, &c. The commissioner describes himself, in his certificates, as “a commissioner constituted by law to take the acknowledgments of deeds,” &c.; and the certificate of the county-clerk states that he was a commissioner for the county of Dutchess, duly authorized by the laws of the state to take the proof and acknowledgment of deeds, &c. Taking the two certificates together, we think there was a substantial compliance with the law in this respect.
 

 It is further contended, that the certificates from the county-clerk’s office fail to comply with the statute, in not stating that the commissioner was,
 
 at the time of talcing the acknowledgments, duly authorized to take the same,
 
 &c. The certificates show, that the commissioner was authorized, at the time, to take the proof and acknowledgment of deeds, &c., and that he was a commissioner for Dutchess county, duly commissioned and sworn. This was clearly
 
 primé facie
 
 evidence, that he had power to take the acknowledgments of the particular deeds in question; and if he had removed from the county, was insane, or under impeachment, or, for any other reason, incompetent to act, as suggested by the appellant’s counsel, it was incumbent on him to prove it on the trial. We think, there is nothing in the objection.
 

 II. The second question is, whether the commissioner, F. A. Livingston, was incompetent to act in this case, by reason of his relationship to the grantees in the deeds of which he took the acknowledgments, and of his being their presumptive heir-at-law. There is no doubt, that the commissioner was so related to the parties to the deeds as to disqualify him from acting as a judge or juror in a case upon trial, where they were parties. The statute (2 R. S. 275, § 2) has been held to be declaratory of *what the law on this subject has always been.
 
 (Oakley
 
 v.
 
 Aspinwall,
 
 3 N. Y. 547.) But L we think, the act of taking and certifying the acknowledgments, involved the discharge of no judicial duty.
 
 *408
 
 Neither the statute referred to, nor the common-law rule on the subject, applies to acts merely ministerial, as we think was the character of the act of taking and certifying the acknowledgment of a deed. If this be so, it disposes of the question.
 

 III. The only remaining question for consideration is, upon the effect of the deed from Peter R. Livingston and Joanna, his wife, to R J. Livingston, which the appellants’ counsel contends was inoperative and void, for want of sufficient and apt words to pass the title of the grantors. This deed recites that the parties of the first part are seised, in right of the said Joanna, of the premises, and that it is her wish and desire to vest the fee-simple thereof in her husband, the said Peter R Livingston. It then proceeds to witness “ that the parties of the first part, for and in consideration of the purposes above expressed, and that the said Robert James Livingston shall and may reconvey the premises hereinafter set forth to the said Peter R. Livingston, in fee-simple, and also for and in consideration of the sum of one dollar, lawful money of the United States of America, to them in hand paid,” &c.,
 
 “have remised, released and quit-claimed,
 
 and by these presents, do
 
 remise, release and quit-claim
 
 unto the said party of the second part, and to his heirs and assigns for ever, all,” &c. This was a good and valid deed of bargain and sale; the pecuniary consideration was adequate to uphold it as such, and the words
 
 “
 
 remise, release and quit-claim,” were sufficient to raise a use in favor of Robert J. Livingston, the bargainee, which use the statute of uses transferred into possession.
 
 (Jackson
 
 v.
 
 Fish,
 
 10 Johns. 456;
 
 Jackson
 
 v.
 
 Root,
 
 18 Id. 60, 78.) The judgment of the supreme court should be affirmed.
 

 Judgment affirmed.