# Marcia Rogers v. Richard Rogers

[373 A.2d 507]

No. 146-76

Present: Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.

Opinion Filed February 1, 1977

*Kilmurry & Stone Associates, Inc.*, Montpelier, for Plaintiff.

*Albert A. Raphael, Jr.*, Waitsfield, for Defendant.

**Hill, J.** This is an appeal from summary judgment granted the plaintiff-appellee Marcia Rogers in an action initiated by her in Washington Superior Court. The complaint prayed that the court issue a declaration of the rights and obligations of the respective parties under the terms of a Connecticut separation agreement entered into by the parties. The agreement directed the defendant-appellant Richard Rogers to pay plaintiff the sum of $2,500.00 per year for "Alimony and Support". The agreement specifically provided that it was neither to be merged nor incorporated into the decree, but was to survive as a document of independent legal significance. Shortly after the execution of this agreement, the parties were divorced in Connecticut. The Connecticut court's decree approved the agreement of the parties and was substantially identical to it.

On April 26, 1973, some five years following the Connecticut divorce, the plaintiff was remarried in Montpelier, Vermont. Within a few months of her remarriage, plaintiff sought and was

granted an annulment of this second marriage in Washington Superior Court for grounds of fraud.

Defendant, when apprised of plaintiff's remarriage, immediately terminated his payments to the plaintiff. Such action by the defendant was taken wholly at his own initiative; at no time prior to the commencement of this cause did defendant ever petition any court for a modification of his obligations under either the separation agreement or the divorce decree. Accordingly, following her annulment, plaintiff brought the present action seeking declaratory and other relief. Defendant answered and counterclaimed asking the court to retroactively terminate his payment duties as of the date of plaintiff's remarriage on the ground that such remarriage constituted a material change of circumstances. Plaintiff, in turn, moved pursuant to V.R.C.P. 56 for summary judgment. The parties entered into an agreed stipulation of facts and issues presented, which they submitted with exhibits and memoranda of law for the court's determination.

On the basis of the pleadings and documents, the trial court ruled that: (1) The separation agreement was not merged into the divorce decree; (2) neither the decree nor the agreement provided that support payments should cease automatically or otherwise upon plaintiff's remarriage; and that, therefore, the defendant was still obligated under the agreement for such payments.

A judgment order granting plaintiff's motion for summary judgment and directing defendant to pay all accrued arrearages and to continue the payments in the future was entered. Defendant now appeals the judgment and order of the Washington Superior Court.

The state of facts posed by the present cause of action presents in essence but one question for our resolution: Whether the terms of the Connecticut separation agreement require a holding that the defendant's obligation to make the monthly payments continued in spite of the plaintiff's subsequent remarriage?

█ It is the well established rule of law in this State that an agreement such as that involved here is a contract. Therefore, if the contract is valid where made, it will be interpreted here according to the law of the state of its making, so long as to do so will not violate the public policy of the State of Vermont. *Strope* v. *Strope*, 131 Vt. 210, 216, 303 A.2d 805 (1973); *Padova* v.

*Padova*, 123 Vt. 125, 129, 183 A.2d 227 (1962). In the instant case, the contract in question was entered into in the State of Connecticut and expressly provides that it is to be construed pursuant to the law of that state. In Connecticut, such contracts, when made not to facilitate divorce but only to serve as settlements of matters of property and support, are deemed valid unless they are concealed from the court. *Maisch* v. *Maisch*, 87 Conn. 377, 383, 87 A. 729 (1913); *McAnerney* v. *McAnerney*, 165 Conn. 277, 334 A.2d 437 (1973). The contract between the parties here was submitted for the court's inspection and was approved by it. Further, there is nothing in the record on appeal that gives rise to any suspicion that the agreement was the result of any hidden collusion or fraud.

■ Defendant has argued to this Court that in Connecticut the subsequent remarriage of a divorced woman gives rise to an inference that she has chosen to obtain her support elsewhere and has thereby surrendered any right she may have had to support from her prior spouse. *Kornos* v. *Kornos*, 19 Conn. Supp. 204, 110 A.2d 656 (1954); *Cary* v. *Cary*, 112 Conn. 256, 152 A. 302 (1930); *Piacquadio* v. *Piacquadio*, 22 Conn. Supp. 47, 159 A.2d 628 (1960). However, it appears to us that the instant case is readily distinguished from those cited by defendant. Here we are presented with an unmerged separation agreement in which the parties sought to settle all property rights and provisions for support. This agreement must be construed in accordance with the clear intention of the parties as evidenced by the language employed in the document itself. *Foley* v. *Foley*, 149 Conn. 469, 181 A.2d 607 (1962). Applying this rule of construction to the facts here, the inference is clear that the parties intended an integrated agreement in which the provisions for support and property disposition are an integral and inseparable part of the entire settlement. Annot., 61 A.L.R.3d 520, 590 (1975); Comment, *Legal Problems of Divorce Property Settlements in California*, 39 Calif. L. Rev. 250 (1951). If, under these circumstances, modification is freely granted, a party may forfeit certain rights for consideration that, as a result of the modification, either disappears or becomes inadequate. *Strope* v. *Strope, supra*, 131 Vt. at 216. The agreement here expressly acknowledges its support by mutual consideration and provides for a consensual waiver of all marital and property rights beyond those set out in the agreement. Accordingly, we are confronted

not with a statutorily modifiable decree of alimony, but with an integrated contract to whose provisions the parties have freely given their assent. *McAnerney* v. *McAnerney, supra.* In Vermont, as well as in Connecticut, such agreements are to be enforced as is any other proper contract. *Lasprogato* v. *Lasprogato,* 127 Conn. 510, 18 A.2d 353 (1941); *Braine* v. *Braine,* 127 Vt. 211, 243 A.2d 797 (1968); *Hoffman* v. *Hoffman,* 133 Vt. 179, 333 A.2d 94 (1975).

The separation agreement at issue here nowhere provides for termination of support payments upon the remarriage of the wife. In light of our view that the agreement is an integrated, non-severable contract, and in the absence of any showing of fraud, duress or other unconscionable advantage, that document is to be enforced according to its terms.

*The judgment of the Washington Superior Court is affirmed.*