## Linda F. W. Davis v. Arthur George Davis, Jr.

[465 A.2d 221]

No. 82-258

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed June 7, 1983

Motion for Reargument Denied July 8, 1983

*Blodgett & Watts*, Burlington, for Plaintiff-Appellant.

*Abare, Donaghy & Nicholls, P.C.*, Barre, for Defendant-Appellee.

**Peck, J.** The plaintiff-appellant obtained a divorce from the defendant-appellee on the grounds the parties had lived separate and apart for six consecutive months and the resumption of marital relations was not reasonably probable. 15 V.S.A. § 551(7). The trial court made extensive findings of fact and decreed custody of the parties' daughter, then age 14, to plaintiff, and custody of the parties' son, then age 10, to defendant. The court further decreed the disposition of property and awarded child support to plaintiff. The sole issue on appeal is whether the findings of fact support that part of the judgment order awarding custody of the son to defendant. We hold that they do not; accordingly, we remand for the limited purpose of determining custody of the son and adjusting the child support award if necessary.

We begin with a review of the findings of fact made with respect to custody of the son. The court found that the mother and both children engaged in counseling, both as a family and individually, but that the father did not participate; that the children "have an open relationship with their mother that they do not share with their father"; that the son "has a special educational problem which needs individualized attention," and that the schools where the mother lives give such individualized attention; that the counsellor believes that the son has no emotion for his father; that the son's studies and behavior problems have improved since going to school in the mother's town, but that his behavior deteriorates after visits to his father; and that the mother has kept in contact with the school regarding the son while the father has not. The court then concluded that it is in the best interest of the son to be in the custody of his father.

The primary concern in determining custody is the welfare of the child. *Ohland v. Ohland*, 141 Vt. 34, 39, 442

A.2d 1306, 1309 (1982). Here, the findings made by the court lead one to the conclusion that it is in the best interest of the son to be with the mother. Nevertheless, the court stated that it found the best interest of the son to be in the father's custody; the findings do not support this conclusion. "Although we will not interfere with a lower court's conclusions of law where the findings are sufficient to support them, . . . here there is no such support." *Steele* v. *Steele*, 142 Vt. 112, 114, 453 A.2d 400, 401 (1982) (citation omitted). Therefore we may, and do, interfere with the conclusion by remanding the issue of the custody of the son to the trial court either for new findings to support the present conclusion, or for a conclusion consistent with the present findings. Further, if the custody of the son is awarded to the mother, and, if indicated, the child support order should be adjusted appropriately.

*Affirmed, except as to those parts of the order relating to custody of the minor son. As to those portions, the cause is remanded for consistent findings and conclusions relative to custody and support of the minor son, and for such modification of the order relating to the son as may be needed.*