## In re Estate of Julia G. Hogg

[510 A.2d 1323]

No. 85-120

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed May 2, 1986

*Eleanor W. Smith*, Law Offices of *Karl W. Neuse*, Middlebury, for Appellant.

*Charles R. Tetzlaff* and *Matthew I. Katz* of *Latham, Eastman, Schweyer & Tetzlaff*, Burlington, for Appellee.

**Hayes, J.** This case involves a repudiation of and challenge to an antenuptial agreement by Edward Hogg, after the death of his wife, Julia G. Hogg. Richard King, executor of the estate of Julia Hogg, appeals the superior court order invalidating the antenuptial agreement. Edward Hogg appeals a second court order refusing to remove Richard King as the executor of the estate.

Some factual background is helpful in understanding the case. In April, 1969, Edward Hogg and Julia G. Hogg, then Julia King, executed an antenuptial agreement in New York State. This agreement provided that its interpretation would be governed by New York law. The agreement was prepared by and acknowledged before Richard J. King, Esq., an attorney, and son of Julia G. Hogg by a previous marriage. The agreement stated that each party waived all rights and claims that he or she may acquire in the other's property or estate by reason of their marriage.

Julia Hogg died testate in Vermont, and her will was admitted to probate. The decedent bequeathed $10,000 to her spouse, Edward Hogg, and the remainder to the other members of her family. Richard King was appointed executor of her estate. The bequest to the surviving spouse was paid.

Edward Hogg subsequently repudiated the agreement, filed an election to waive the will, and filed a petition to remove Richard King as executor. Mr. King filed a petition for declaratory relief. The probate court declared the agreement valid and enforceable,

and instructed the executor to proceed with the administration of the estate.

On appeal, the superior court invalidated the antenuptial agreement, and denied the executor's motion to reconsider. The court found that Richard King had a financial and beneficial interest in the antenuptial agreement, and was therefore not qualified to act as the notary in taking the acknowledgments. From this order, the executor appeals.

I.

The first issue presented for our consideration is whether the trial court erred in invalidating the antenuptial agreement. We hold that it did and reverse on this issue.

■ It is the law in Vermont that a contract entered into outside the state, if "valid where made, . . . will be interpreted here according to the law of the state of its making, so long as to do so will not violate the public policy of the State of Vermont." *Rogers* v. *Rogers*, 135 Vt. 111, 112, 373 A.2d 507, 509 (1977) (citations omitted). In this case, the antenuptial agreement was entered into in the State of New York and it expressly provided that it is to be construed under the law of that state. Under the laws of New York, a waiver of right of election must be in writing, subscribed by the maker, and acknowledged or proved in a manner similar to the recording of a conveyance of real property. N.Y. Est. Powers & Trusts § 5-1.1(f)(2) (McKinney 1981). Furthermore, under New York law, one who is authorized to take acknowledgments is not disqualified to so act by reason of his relationship to the parties. *Remington Paper Co.* v. *O'Dougherty*, 81 N.Y. 474, 483 (1880); see also *Lynch* v. *Livingston*, 6 N.Y. 422, 434 (1852) (not objectionable that commissioner who took an acknowledgment of a deed was related to one of the parties thereto).

■ In the instant case, the formal requirements for executing the antenuptial agreement were satisfied. Richard King was not a party to the antenuptial agreement nor did he have a direct and pecuniary interest that would disqualify him from taking an acknowledgment of that instrument. He was merely a presumptive heir to his mother's estate. Therefore, the antenuptial agreement is valid under New York law, and the lower court's ruling on this issue must be set aside.

## II.

■ Edward J. Hogg contends that in the event the trial court's decision invalidating the antenuptial agreement is reversed, a new hearing is required on the validity of the agreement because the lower court erred in applying Vermont's Deadman's Statute. See 12 V.S.A. § 1602. We disagree. Mr. Hogg failed to file a timely cross-appeal of the lower court's order dealing with the validity of the antenuptial agreement. Thus, he has struck too late. Under V.R.A.P. 4, cross-appeals must be properly noticed within fourteen days of the date on which the first notice of appeal is filed. An untimely notice of cross-appeal vests no jurisdiction in this Court. *Baird* v. *Baird*, 142 Vt. 115, 117, 454 A.2d 1229, 1230 (1982) (citations omitted).

## III.

Finally, Edward J. Hogg argues that the trial court erred in refusing to remove Richard King as executor of the estate of Julia G. Hogg. We disagree and affirm the ruling of the trial court on this issue.

The statutory authority for removal of an executor is set forth in 14 V.S.A. § 917, which states:

> When an executor or administrator neglects, after notice by the probate court, to render his account and settle the estate according to law, or to perform an order or decree of such court, or absconds or becomes insane or otherwise incapable or unsuitable to discharge the trust, the probate court, *in its discretion*, may remove him and may allow an executor or administrator to resign. (Emphasis supplied).

Although the executor, Richard King, failed to file all documents required with the probate court in a timely manner, the trial court held that these were mere technical violations that did not warrant his removal. Moreover, the lower court found neither a showing of any prejudice to the estate nor any credible demonstration of bad faith on the part of the executor.

■ To prove an abuse of discretion, the burden is on the party alleging error to demonstrate that it has been withheld completely or exercised for some manifestly untenable reason. *State* v. *Foy*, 144 Vt. 109, 115, 475 A.2d 219, 223 (1984). Applying this standard, we conclude that no abuse of discretion has been

established and that the ruling of the trial court must be affirmed.

*The order of the superior court declaring the antenuptial agreement invalid is reversed, and the agreement is held to be valid and enforceable. The order of the superior court denying the petition to remove the executor is affirmed, and the cause is remanded for proceedings not inconsistent with this opinion.*