# Janice Bonanno v. Andrew Bonanno

[531 A.2d 602]

No. 85-194

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes,**[1] **JJ.**

Opinion Filed July 17, 1987

---

[1] Justice Hayes was present for oral argument but did not participate in this decision.

*Cheney, Brock & Saudek*, Montpelier, for Plaintiff-Appellee.

*Martin & Paolini, P.C.*, Barre, for Defendant-Appellant.

**Allen, C.J.** This is an appeal from a divorce decree awarding custody of the parties' two children to the plaintiff. Custody is the only issue under review. We affirm.

Plaintiff, Janice Bonanno, and defendant, Andrew Bonanno, were married in 1974. In August 1983, plaintiff filed for divorce and requested custody of the couple's two minor children. Defendant also sought custody. The proceedings were acrimonious and several charges of unfit parenting were exchanged between plaintiff and defendant. The trial court issued a temporary joint custody order based on a stipulation of the parties. At the final hearing, the court concluded that the best interests of the children would be served by granting plaintiff sole custody, with reasonable visitation rights granted to defendant.

Prior to its custody determination, the trial court ordered a custody evaluation team to evaluate the family. See V.R.E. 706.

The team recommended that custody of both children be awarded to defendant. The trial court declined to adopt the evaluation team's recommendation.

On appeal, defendant argues that: (1) the facts do not support the trial court's conclusion because it failed to make independent findings of fact and adopted the plaintiff's proposed findings without reviewing the evidence; and (2) the trial court committed reversible error because it did not make specific findings as to all factors relevant to the best interests of the children as provided by 15 V.S.A. § 652.[2] Defendant focuses on the trial court's refusal to follow the recommendation of a custody evaluation team which the court commissioned. He argues that the trial court made insufficient findings when it rejected the custody evaluation report because it did not specify how the evaluation team neglected to follow standardized procedures, or how the procedural flaws affected the team's custody recommendation.

Defendant asserts that the court's findings of fact are clearly erroneous because they closely parallel the plaintiff's requested findings and violate *Krupp v. Krupp*, 126 Vt. 511, 236 A.2d 653 (1967). In *Krupp*, we held that when a court makes findings, it has a duty to sift through the evidence and determine the facts. The court must consider the evidence "with impartial patience and adequate reflection and then [formulate] the findings couched in its own language." *Id.* at 513, 236 A.2d at 654-55.

The mere fact that a court's findings closely parallel the requested findings of one or both parties does not overcome the presumption that the court exercised independent judgment in weighing the evidence and making its findings, if the findings are supported by the evidence. *Central Cab, Inc. v. Ironside*, 126 Vt. 356, 360-61, 230 A.2d 790, 794 (1967). Defendant refers to the court's findings as "misstatements" of plaintiff's requested findings. This reformulation, however, evinces the court's independent judgment. Defendant has failed to overcome the presumption that the court exercised its own judgment in making its findings. The findings are not invalid under *Krupp*.

The trial court's findings of fact will not set aside unless they are clearly erroneous. V.R.C.P. 52(a). We have consistently given due regard to the unique position of the trial court to assess

---

[2] 15 V.S.A. § 652 was the law at the time of hearing. It has since been repealed and replaced with 15 V.S.A. § 664 et seq.

the credibility of the witnesses and the weight of all the evidence presented. See, e.g., *Gramatan Home Investers Corp.* v. *Starling*, 143 Vt. 527, 532, 470 A.2d 1157, 1160 (1983). If the court's findings may be reasonably read to support the trial court's judgment, they are controlling. *Brattleboro Child Development, Inc.* v. *Town of Brattleboro*, 138 Vt. 402, 406, 416 A.2d 152, 155 (1980).

In the instant case, the findings reasonably support the custody award to plaintiff. The court specifically found that defendant had been both physically and verbally abusive to plaintiff, that plaintiff was better able to assist the children with their learning disabilities, and that the children would be more likely to live in an environment free of parental conflict if they lived with plaintiff. Therefore, the custody determination of the trial court must stand.

Defendant next contends that the trial court committed reversible error because it did not provide a rationale in its findings about the insufficiencies of the custody evaluation report, or why these insufficiencies rendered the report's recommendation invalid. On review, the trial court's findings will be deemed insufficient when we are left to speculate as to the basis of the trial court's decision. *Roy's Orthopedic, Inc.* v. *Lavigne*, 142 Vt. 347, 350-51, 454 A.2d 1242, 1244 (1982). In this case, the court explicitly stated why the evaluation report was flawed, and no speculation for the basis of the trial court's decision to disregard the report exists. Finding No. 23 indicates that the evaluators failed to guard against individual bias, to use objective standardized tests, to follow standardized procedures, to sufficiently address the developmental needs of the children, or to interview or obtain information from influential people such as plaintiff's family, her boyfriend, and the children's teachers. Defendant's argument that the court did not provide a rationale in its findings for the report's enumerated insufficiencies is without merit.

While it is the better practice to articulate the specific facts upon which the ultimate facts are based, it is not reversible error to omit to do so. *Darling* v. *Ennis*, 138 Vt. 311, 314, 415 A.2d 228, 230 (1980). The custody evaluation report was not the sole basis for the court's conclusion. Rather, the report was one factor considered in its custody award. The trial court may consider all factors relevant to the best interests of the children. 15 V.S.A. § 652. These reports are only advisory in nature, and it is within the discretion of the court to accept or disregard a custody evaluation

team's recommendation. See, e.g., *Gotham* v. *Gotham*, 102 A.D.2d 981, 982, 477 N.Y.S.2d 788, 790 (1984).

*Affirmed.*