# Fola S. Peckham v. Paul G. Peckham

[543 A.2d 267]

No. 85-514

Present: Allen, C.J., Peck, J., and Barney, C.J. (Ret.), Keyser, J. (Ret.)
and Costello, D.J. (Ret.), Specially Assigned

Opinion Filed March 4, 1988

*Susan M. Murray* and *Anna E. Saxman* of *Langrock Sperry Parker & Wool*, Middlebury, for Plaintiff-Appellant.

*Nuovo & Marsh*, Middlebury, for Defendant-Appellee.

**Peck, J.** Plaintiff appeals from a final judgment in a divorce action that awarded custody of the parties' two-year-old son to defendant, and defendant cross-appeals for child support. We affirm.

The parties were granted a divorce by the Addison Superior Court on the grounds that they lived separate and apart for six consecutive months, and the resumption of marital relations was not reasonably probable. The final decree granted custody of the parties' child to defendant, and gave plaintiff visitation rights. Plaintiff appeals to this Court alleging that the trial court erred by: (1) failing to give sufficient emphasis to plaintiff's role as primary caretaker of the parties' child; (2) finding that defendant

would be more likely to facilitate visitation; and (3) by making findings with regard to day care that were incomplete and unsupported by the evidence. Defendant cross-appeals, claiming that the trial court erred by failing to make a determination with regard to child support.

■ First, we note that the trial court has wide discretion in awarding custody. *Senesac v. Senesac*, 135 Vt. 24, 25, 370 A.2d 214, 215 (1976). Unless plaintiff establishes that the court's discretion was erroneously exercised, or exercised upon unfounded considerations, or to an extent clearly unreasonable in light of the evidence, the award must stand. *Palmer v. Palmer*, 138 Vt. 412, 414, 416 A.2d 143, 144-45 (1980). In this case, we do not find that the trial court abused its discretion when awarding custody to defendant.

■ The primary concern when determining custody is the best interests of the child. *Barbour v. Barbour*, 146 Vt. 506, 509, 505 A.2d 1217, 1219 (1986); see *Davis v. Davis*, 143 Vt. 100, 101, 465 A.2d 221, 221 (1983). 15 V.S.A. § 652 (Supp. 1984), in effect at the time this divorce action was heard,[1] sets out a number of factors the court may consider when determining the best interest of the child. These factors do not specifically require the court to give special weight to the fact that one party has acted as the primary caretaker of the child.

We recognize that the significance of primary caretaking must not be underemphasized when determining the best interest of the child. In this case, however, the court considered many factors when making its custody determination. Not only did the court find that plaintiff was the child's primary caretaker, it also found that defendant actively participated in the child's care. In addition, the court found that defendant displayed a greater sensitivity to the child's needs, and would be more likely to facilitate and encourage visitation than would the plaintiff.

This Court has held that "where a matter of judicial discretion is involved, a ruling of the trial court will not be set aside because another court, or even this Court, might have reached a different conclusion. . . . The true test in reviewing these matters is whether there has been an abuse of discretion or a failure to exercise discretion." *Ohland v. Ohland*, 141 Vt. 34, 39, 442 A.2d 1306,

---

[1] 15 V.S.A. § 652 was repealed by 1985, No. 181 (Adj. Sess.), § 10. It has been superseded by 15 V.S.A. §§ 664, 665.

1309 (1982) (citation omitted). While it is an important factor for a court to weigh when determining custody, under 15 V.S.A. § 652 the fact that one party acted as primary caretaker is not determinative. We cannot find as a matter of law that the trial court abused its discretion in this case by awarding custody to defendant.

Plaintiff argues that the evidence does not support the court's finding that defendant, as custodial parent, would be more likely to facilitate visitation than plaintiff. A court's finding of fact will not be set aside unless supporting evidence, viewed in the light most favorable to the prevailing party and excluding all modifying evidence, shows that the finding is clearly erroneous. *Burr* v. *Burr*, 148 Vt. 207, 210, 531 A.2d 915, 917 (1987); see *Bonanno* v. *Bonanno*, 148 Vt. 248, 250-51, 531 A.2d 602, 603 (1987). We recognize that the trial court is in the unique position to "assess the credibility of the witnesses and the weight of all the evidence presented." *Bonanno*, 148 Vt. at 250-51, 531 A.2d at 603. In this case, there is sufficient evidence to support the trial court's findings with regard to the facilitation of visitation.

Finally, plaintiff argues that the trial court's findings regarding day care are incomplete and unsupported by the evidence. While this may be true, we note that these findings are not essential to the court's decision to award custody to defendant. An erroneous nonessential finding does not require reversal. See *Plante* v. *Plante*, 148 Vt. 234, 237, 531 A.2d 926, 928 (1987).

■ In support of his counterclaim, defendant argues that the trial court erred by failing to make any findings or order as to child support. We disagree. The trial court has wide discretion to determine the amount and manner of awards of child support. *Roya* v. *Roya*, 145 Vt. 488, 489, 494 A.2d 132, 133 (1985). Under 15 V.S.A. § 651 (Supp. 1984),[2] the trial court *may* order support when a request is made by a parent, guardian, custodian, the department of social and rehabilitation services, or by its own motion. In this case, defendant did not request an award of child support. We do not agree with defendant's contention that the court must raise the issue of child support on its own motion when the issue has not been raised by the parties. The statute is clear on its face and leaves to the discretion of the trial court

---

[2] 15 V.S.A. § 651 was repealed by 1985, No. 180 (Adj. Sess.), § 14. It has been superseded by 15 V.S.A. §§ 653-663.

whether to award child support on its own motion. We cannot say the court abused its discretion under 15 V.S.A. § 651 by not awarding child support to defendant.

*Affirmed.*