**Richard A. WORKMAN, Sr. v.
AGENCY OF TRANSPORTATION**

[657 A.2d 174]

No. 93-357

December 28, 1994. Plaintiff Richard Workman appeals from the Chittenden Superior Court's damage award in a con-

demnation action by defendant, the Vermont Agency of Transportation, involving plaintiff's land in the Town of Essex. Plaintiff argues that the court failed to include business losses in its award calculation, that plaintiff's right to receive just compensation under the Takings Clause of the Fourteenth Amendment of the United States Constitution includes expected profit, that the court improperly valued construction permits, and that the court improperly offset the condemnation award with $33,000 defendant paid to plaintiff pursuant to an agreement for plaintiff's cessation of construction. On cross-appeal, defendant argues that the trial court improperly included amounts for construction permits and for site improvements. We affirm.

In 1986, plaintiff began the planning and permit application process for the construction of two industrial warehouses on a 4.68 acre parcel of land. By 1990, plaintiff had improved the drainage grading and obtained final permit approvals for the project, but had not started construction. Later that year, in anticipation of the Chittenden Circumferential Highway project, defendant paid plaintiff $33,000 as part of a written agreement whereby plaintiff relinquished all developmental rights to the property. In 1991, defendant condemned the entire parcel, and this litigation ensued regarding the final damage award.

The trial court concluded that the value of plaintiff's property was the sum of three factors: the raw value of the land, the value of site improvements, and the value of the construction permits. Plaintiff first contends that the trial court improperly excluded business losses from this calculation. Business losses are only compensable for a "fixed and established business," and where the loss is not already accounted for in the damages award. *Raymond v. Chittenden County Circumferential Highway*, 158 Vt. 100, 105, 604 A.2d 1281, 1284 (1992). Plaintiff

does not meet these requirements. Merely obtaining permits and grading the land does not create an established business, and in any event, plaintiff has already been compensated for these items in the trial court's award. Further compensation would be either duplicative or for business activity that never existed. *Id.* at 105, 604 A.2d at 1285.

Plaintiff urges us to reexamine this analysis based on the United States Supreme Court's recent decision in *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 112 S. Ct. 2886 (1992). Plaintiff argues that *Lucas* requires that just compensation under the Takings Clause includes expected profit. *Lucas*, however, determined only that a state must compensate a property owner when a state-promulgated regulation destroys all economically beneficial use of that property. *Id.* at 1030, 112 S. Ct. at 2901. *Lucas* is not applicable in this context where plaintiff contests not *whether* compensation is required, but *how much* compensation is required.

Plaintiff's next argument asserts that the trial court's valuation of the construction permits is not supported by the evidence. We have reviewed the record and conclude that the trial court's valuation of the permits is fully supported, and therefore must be sustained on appeal. See *Highgate Assocs. v. Merryfield*, 157 Vt. 313, 315, 597 A.2d 1280, 1281 (1991) (findings must stand if supported by credible evidence). The trial court found that the permits should be valued at 20% of the undeveloped value of the land, a determination consistent with defendant's expert's testimony.

Plaintiff's final argument concerns whether the trial court erroneously offset the condemnation order by $33,000, the amount plaintiff received from defendant as part of an agreement for plaintiff's developmental rights. Plaintiff contends that the agreement was intended to authorize an offset only against lost profits

and not the value of the land or permits. The written agreement specifically provided that any money received by plaintiff "shall be deducted" from plaintiff's compensation for the property. When an agreement is clear and unambiguous, its plain meaning governs its interpretation. *Northern Aircraft, Inc. v. Reed*, 154 Vt. 36, 44, 572 A.2d 1382, 1388 (1990). Accordingly, the trial court appropriately reduced plaintiff's award.

On cross-appeal, defendant contends that the trial court's award was improper because it included the value of site improvements and construction permits. Defendant argues that the trial court's valuation of the site improvements is not supported by the evidence, and that the court's method of valuing the construction permits erroneously combined evidence offered by competing experts. As we stated above, findings of fact must stand unless they are clearly erroneous. *Highgate Assocs.*, 157 Vt. at 315, 597 A.2d at 1281. Here, the trial court reached its decision as to the value of the site improvements based on evidence submitted for similar work at other sites; therefore, its finding is fully supported. See *In re Quechee Lakes Corp.*, 154 Vt. 543, 554, 580 A.2d 957, 963 (1990) (evidence reasonably adequate to support conclusion will be upheld). Similarly, we find no error with the trial court's decision to combine information presented by the parties' respective experts in valuing the construction permits. See *Bonanno v. Bonanno*, 148 Vt. 248, 250-51, 531 A.2d 602, 603 (1987) (trial court in unique position to weigh credibility of all evidence presented).

Defendant also argues that condemned property is to be valued as a whole, and that accordingly, site improvements and construction permits can not be valued apart from the overall value of the improved and permitted land. Our case law does not support this conclusion. See, e.g., *Raymond*, 158 Vt. at 104-05, 604 A.2d at 1284 (although property is to be valued as a whole, consideration will be given to other factors that enhance property's value); *Farr v. State Highway Board*, 123 Vt. 334, 337, 189 A.2d 542, 545 (1963) (value of condemned property may incorporate different elements). The trial court's determination of the condemnation award was proper.

*Affirmed.*