**James POULOS v. Vicki POULOS**

[737 A.2d 885]

No. 98-420

June 24, 1999. Appellant James Poulos appeals a declaratory judgment action ruling that his marriage to appellee Vicki Poulos is not void despite the fact that they married before the nisi period in appellee's prior divorce had expired. We affirm.

Appellee was divorced from her first husband in Massachusetts on October 31, 1977. The Massachusetts court issued a decree nisi, which did not become absolute until six months later, on April 30, 1978. The parties married on January 7, 1978, in the State of New York, more than three months prior to the expiration of the nisi period. When the parties applied for a New York marriage license, neither party disclosed any previous marriage. The court found, and the parties do not dispute, that appellant and appellee held themselves out as husband and wife for almost twenty years, and that four children were born of the marriage.

On January 8, 1998, appellant filed a request for declaratory judgment in the Rutland Superior Court that his marriage to appellee was void because appellee was still married to her former husband at the time of her marriage to appellant. The superior court applied both New York and Massachusetts law and determined that, pursuant to either state's law, the parties' marriage was legal and not void. It also concluded that appellant was estopped from raising any claim of voidness because the parties were married for almost twenty years, they held themselves out as husband and wife, and because appellee acted in good faith when she married appellant during the nisi period.

On appeal, appellant argues that because the parties were divorced in Massachusetts, the State of Vermont is required to give the Massachusetts judgment of divorce nisi full faith and credit and interpret it as would Massachusetts; likewise, because the parties married in New York, Vermont must interpret the New York marriage under the laws of the State of New York. Appellant argues that, although the trial court indicated that it would apply New York law as to the validity of the New York marriage and Massachusetts law as to the validity of the Massachusetts divorce decree, in fact it did not do so. Had the court properly applied New York law to the validity of the parties' marriage, appellant contends it would have determined that the marriage was void. Appellant also argues that: (1) the court erred in ruling that at most, the parties' marriage prior to the expiration of the nisi period would render the divorce "voidable but not void"; (2) a 1979 Rutland Superior Court decision holding that a marriage during the nisi period is void is binding on this Court; (3) the court erred in characterizing the nisi period as "ministerial"; (4) the court erred in finding that appellant was aware of appellee's divorce and counseled her not to disclose it and (5) the court erred in finding that prior to the commencement of the declaratory judgment action, two relief from abuse proceedings were commenced in Rutland Family Court. We address these arguments in turn.

A marriage contract will be interpreted here according to the law of the state of

its making, so long as to do so will not violate the public policy of the State of Vermont. See *Rogers v. Rogers*, 135 Vt. 111, 112, 373 A.2d 507, 509 (1977); *Lariviere v. Lariviere*, 102 Vt. 278, 147 A. 700 (1929) (validity of marriage is determined by law of place of contract). Because the parties were married in New York, we agree that we are required to examine the law of New York to determine the validity of the parties' marriage. New York domestic law provides: "A marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living, unless . . . [s]uch former marriage has been annulled or has been dissolved . . . ." N.Y. Dom. Rel. Law § 6.

Our examination of the applicable case law indicates that there is a strong presumption in New York in favor of the validity of second marriages. In *Grabois v. Jones*, 89 F.3d 97 (2d Cir. 1996), for example, the court of appeals noted the district court's recognition that the New York domestic relations law states unambiguously that a second marriage is invalid if either of the parties to that marriage is already married. See *id.* at 100. The court went on to state:

> What the district court does not appear to have considered, however, is that it is also well established New York law that when a court is confronted with the claim that a formal second marriage is invalid because of the existence of a valid first marriage, a strong presumption of validity attaches to the second marriage.

*Id.* (citations omitted).

In *In re Avery*, 445 N.Y.S.2d 672 (Sur. Ct. 1981), the husband challenged his second marriage on the grounds that the marriage had occurred after the final divorce hearing was held, but before a formal judgment was rendered. During the final divorce hearing, which the husband attended, the trial court stated that the divorce would be granted. The formal judgment was not signed or entered, however, until after the husband remarried. The reviewing court held that the husband was granted a divorce prior to his remarriage, and all that remained was the entry of the decree of divorce. The court concluded that the entry of the decree was a "ministerial act" and an application for and grant of a nunc pro tunc order was appropriate. See *id.* at 676.

Our review of Massachusetts law also indicates that the court was correct in its ruling that Massachusetts law would also uphold the validity of the parties' marriage. The parties agree that the general rule in Massachusetts is that "[a] marriage contracted while either party thereto has a former wife or husband living, except as provided in section six . . . shall be void." Mass. Gen. Laws ch. 207, § 4. Appellant, however, fails to acknowledge the exception to this rule which provides:

> If a person, during the lifetime of a husband or wife with whom the marriage is in force, enters into a subsequent marriage contract with due legal ceremony and the parties thereto live together thereafter as husband and wife, and such subsequent marriage contract was entered into by one of the parties in good faith, in the full belief that . . . the former marriage had been annulled by a divorce . . . they shall, after the impediment to their marriage has been removed by the . . . divorce of the other party to the former marriage, if they continue to live together as husband and wife in good faith on the part of one of them, be held to have been legally married from

and after the removal of such impediment, and the issue of such subsequent marriage shall be considered as the legitimate issue of both parents.

*Id.* § 6. In his reply brief, appellant argues that appellee and the trial court erred in applying Massachusetts law on second marriages. He argues that the parties were not married in Massachusetts, and that Massachusetts law is relevant only on the issue of the nisi period in the Massachusetts divorce, not on the validity of the second marriage. Additionally, he argues that the Full Faith and Credit Clause of the United States Constitution requires that we uphold the validity of the Massachusetts divorce nisi.

Appellant fails to recognize that an application of § 6 of the Massachusetts domestic relations law directly addresses the validity of the Massachusetts divorce decree. Specifically, it provides that where at least one of the parties to a subsequent marriage enters into it in good faith that the former marriage ended in divorce, once the impediment to the marriage has been removed the parties will be held to have been legally married from the date of the removal of the impediment. Thus, Massachusetts law governs the legal effect of the impediment: here, the nisi period. As applied to the instant facts, the court found appellee to be a credible witness who entered into her second marriage in good faith that she was legally divorced. It also found, and the parties do not contest, that appellant and appellee lived together as husband and wife, had four children together, bought property together, and filed joint income tax returns. Pursuant to § 6, therefore, once the impediment was removed from their marriage — that is, once the nisi period ended — Massachusetts law deems the parties' divorce final and the marriage valid and lawful. Our analysis gives full faith and credit to the Massachusetts divorce decree as well as Massachusetts

domestic relations law which explicitly elevates a subsequent marriage, entered into in good faith that the former marriage ended in divorce, over an impediment to the validity of the subsequent marriage. See *id.*

Appellant argues, however, that the court erred in finding that appellee was unaware of the six-month waiting period. He contends that appellee testified that she was represented by counsel throughout the Massachusetts divorce proceedings, that she was aware she had obtained a divorce nisi, and that it is therefore "questionable" for the court to have found that she was unaware of the six-month waiting period. We view factual findings in a light most favorable to the prevailing party, disregarding modifying evidence. See *Jarvis v. Gillespie*, 155 Vt. 633, 637, 587 A.2d 981, 984 (1991). Here, appellee testified that she was not aware of any issue with regard to the nisi period that would prohibit her from remarrying when she did. She also testified that, to her knowledge, the only issue raised by her first marriage was whether she would comply with appellant's request that she not indicate on the marriage application that she had been previously married. Although the transcript indicates that appellee was represented by counsel during the divorce proceeding, the court's finding regarding her credibility on this issue was not clearly erroneous. See *Peckham v. Peckham*, 149 Vt. 388, 390, 543 A.2d 267, 269 (1988) (as trier of fact, trial court is in best position to assess credibility of witnesses and weight to be accorded to evidence).

Appellant's second claim of error concerns the trial court's use of the phrase, "At most, this would render the divorce voidable is incorrect, but not void." Here, again, appellant argues that the trial court erred in its application of the laws of New York and Massachusetts. He argues that under the plain meaning of the statutes of both states, the intent is to

declare marriages under the circumstances of this case void. As detailed above, we disagree. Furthermore, we agree with appellee that even if the court's statement that the parties' marriage was at most voidable is incorrect, the error is harmless: our conclusion that the parties' marriage was valid rests on an application and analysis of the relevant statutory and case law, not on a holding that the parties' marriage was voidable.

Appellant's third claim of error is that the trial court should have relied upon the decision in *Phillips v. Phillips*, Rutland Superior Court Docket No. S-275-79 RcC (1979). *Phillips* involved a couple who were married and divorced in Vermont. The parties married during the Vermont nisi period, and the superior court, interpreting Vermont law, held that the marriage was void. Appellant appears to be arguing that *Phillips* is binding authority for the proposition that under the instant circumstances the marriage is void. As appellant argued earlier in his brief, however, New York law, not Vermont law, determines the validity of the parties' marriage. Even if a superior court decision were binding upon us, we find that decision inapplicable because it addressed the validity of a Vermont marriage.

Appellant next argues that the court erred in characterizing the nisi period as "ministerial." He contends that, based on that characterization, the court found that appellant failed to meet his burden of proof. As appellee indicates, the court's use of the word "ministerial" was a direct quote from a passage in appellee's trial memorandum of law. The court did not base its conclusion on an analysis of the nisi period as ministerial. Rather, the court concluded that it was satisfied that either under New York or Massachusetts law the subsequent marriage between the parties was legal and not void.

Additionally, appellant argues that the court erred in finding that appellant was aware of appellee's divorce and counseled her not to disclose it. The court's finding that "[t]here is no question that [appellant] testified that he was aware of the divorce and actually counseled his wife not disclose it when they were married in New York a few months later," is reviewed for clear error. See *Mullin v. Phelps*, 162 Vt. 250, 260, 647 A.2d 714, 720 (1994). The record reveals that appellant was aware of appellee's divorce and that appellant in fact attended her final divorce hearing on October 31, 1977. Furthermore, appellee testified that she and appellant discussed her divorce prior to completing the marriage license and application, and appellant insisted that she not indicate her prior marriage because he was ashamed of the fact that she had been previously married. The trial court found appellee's testimony on this issue to be credible, and we find no clear error in that determination. See *Peckham*, 149 Vt. at 390, 543 A.2d at 269.

Appellee concedes that the court erred in its enumeration of the chronology of actions filed in the superior court, appellant's final point of error. The first matter filed with the superior court was the subject case, the request for declaratory judgment. All family court proceedings were commenced thereafter. Appellant argues that it is incorrect and misleading to view the declaratory judgment action as having been filed in response to preexisting family court matters. Appellant fails to argue what impact, if any, this error had on the court's decision, and we are unaware of one.

*Affirmed.*

Motion for reargument denied July 13, 1999.