# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
Vermont Unit                                         Docket No. 133-10-13 Vtec

| Bilotta Revised Permit Application |
|---|

## ENTRY REGARDING MOTION

Title:          Motion to Dismiss Appeal (Motion 2)
Filer:          Alban Wolin
Attorney:    Neal C. Vreeland
Filed Date:  June 16, 2014

Title:          Motion to Enforce Settlement Agreement
Filer:          James Bilotta
Attorney:    David R. Cooper
Filed Date:  July 2, 2014

Response filed on 07/02/2014 by Attorney David R. Cooper for Appellee Melissa Allard
          Opposition

**The Wolins' motion is GRANTED and the Bilottas' motion is DENIED.**

Appellants Alban and Helga Wolin (the Wolins) timely appealed the Poultney Development Review Board's (the DRB) approval of James and Melissa Bilotta's (the Bilottas) revised permit application to replace a 720-square-foot camp with a 936-square-foot single family home on property located at 1664 Westlake Road in Poultney, Vermont.[1] The Wolins filed a Statement of Questions on October 21, 2013, challenging the project's conformance with Poultney Zoning Regulations.

In an attempt to resolve the issues on appeal, the Wolins and the Bilottas entered into mediation on February 4, 2014. A Mediation Agreement was signed by both parties. Despite good faith efforts, the parties were unable to agree on a final settlement agreement. The Wolins filed a motion on June 16, 2014 requesting that this Court dismiss the appeal without prejudice pursuant to the Vermont Rules for Environmental Court Proceedings (V.R.E.C.P.) and the Vermont Rules of Civil Procedure (V.R.C.P.). That motion is now before the court. The Bilottas oppose the motion to dismiss. Additionally before the Court is the Bilottas' July 2, 2014 motion to enforce a settlement agreement.

---

[1] The DRB approved the permit on September 5, 2013 with conditions as follows: the Bilotta's must obtain a Vermont Potable Water/Wastewater permit for a new septic system or holding tank and must submit an Erosion Control plan in accordance with Section 1232 of the Poultney Zoning Ordinance.

1

## Appellant's Motion to Dismiss

Pursuant to the V.R.C.P., absent pending counterclaims, a plaintiff may move for and a trial court may order the dismissal of litigation without prejudice. V.R.C.P. 41(a)(2). Rule 41(a)(2) states:

> Except as provided in paragraph (1) of this subdivision of this rule [dismissal by plaintiff or stipulation], an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Because the V.R.C.P. govern proceedings before this Court as applicable and unless otherwise modified by the V.R.E.C.P., Rule 41(a)(2) applies to the motion now pending. V.R.E.C.P. 5(a)(2) ("Except as modified by this rule and by subdivisions (b)-(e) of Rule 2, the Vermont Rules of Civil and Appellate Procedure, so far as applicable, govern all proceedings under this rule").

We conclude that an appellant may withdraw its appeal as of right. As an appellant's Questions serve as the legal foundation for the Court's review, the appellant's withdrawal of its appeal could leave this Court with no Questions to consider in a de novo trial. See In re Main St. Place, LLC, Nos. 46-3-10, 168-11-11, 70-5-11, 191-1-10, 120-7-10 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Apr. 3, 2013) (Durkin, J.) (holding that an Applicant may dispose of an appeal by withdrawing its application and therefore the legal foundation for review in this Court). This Court will not, however, dismiss an appeal simply because the original appellant is unwilling or unable to proceed with the case. If additional interested parties seek resolution of the original appellant's Statement of Questions, the Court will not dismiss the matter entirely, only the original appellant, and will maintain the appeal for the remaining parties. E.g. In re Willowell Foundation CU, No. 142-10-12 Vtec, slip op. at 12–13 (Vt. Super. Ct. Envtl. Div. July 10, 2014) (Walsh, J.) (citing In re Garen, 174 Vt. 151, 156 (2002); Village of Woodstock v. Bahramian, 160 Vt. 417, 424 (1993)). The Bilottas therefore have a right to continue this appeal with respect to the issues raised in the Wolins' Statement of Questions. The Biolottas do not pursue this right. As discussed below, the Bilottas' interest in enforcing a purported settlement agreement is the only proffered grounds for denying Appellants' motion to dismiss this appeal.

## The Bilottas' Motion to Enforce the Settlement Agreement

Also before the Court is the Bilottas' motion to enforce a "settlement agreement." The Bilottas argue that the February 4, 2014 mediation resulted in a binding settlement. The Wolins assert, however, that despite good faith efforts by both parties they were unable to finalize a settlement either immediately after or in the several months following mediation.

Mediation is governed by the Vermont Mediation Act (12 V.S.A. §§ 5711–5723). Mediation is a non-binding process absent a clear showing that an enforceable settlement agreement was created during the mediation process. See Rogers v. Rogers, 135 Vt. 111, 112 (1977) (establishing that settlement agreements are governed by contract law); Starr Farm

<u>Beach Campowners Ass'n., Inc. v. Boylan,</u> 174 Vt. 503, 505 (2002) (holding that a contract is enforceable if the court finds that the parties agreed to the same terms and conditions and intended to be bound by those terms and conditions); <u>Vermont State Colleges Faculty Federation, et al. v. Vermont State Colleges</u>, 141 Vt. 138, 144, (1982) (holding that courts cannot create or remake contracts, only construe their provisions). This typically entails a written settlement agreement signed by all parties. The Bilottas submit that the Mediation Agreement itself created a binding contract. Assuming this is true, the only contract that was created was to undergo mediation. By no means can the Mediation Agreement be read as a requirement to settle or to contain the necessary terms of a settlement agreement. The Bilottas have offered no further evidence of a written settlement agreement between the Wolins and the Bilottas. Thus, this Court is without a settlement to enforce.

## Conclusion

For the reasons stated above, we **GRANT** the Wolins' motion to dismiss the appeal and **DENY** the Bilotta's motion to enforce a settlement agreement and request for hearing.

The DRB's September 5, 2013 decision stands as final.

A Judgment Order accompanies this Entry Order. This completes the current proceedings before this Court.

Electronically signed on October 03, 2014 at 02:10 PM pursuant to V.R.E.F. 7(d).

_Tom Walsh_
_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division


<u>Notifications</u>:
Neal C. Vreeland (ERN 2734), Attorney for Appellant Alban Wolin
Neal C. Vreeland (ERN 2734), Attorney for Appellant Helga Wolin
David R. Cooper (ERN 4756), Attorney for Appellee James Bilotta
David R. Cooper (ERN 4756), Attorney for Appellee Melissa Allard