## Charlee Baird v. James R. Baird

[454 A.2d 1229]

No. 161-81

Present: **Barney, C.J., Billings, Hill, Underwood and Peck, JJ.**

Opinion Filed November 2, 1982

Motion for Reargument Denied December 16, 1982

*W. Edson McKee,* Montpelier, for Plaintiff-Appellee.

*George E. Rice, Jr.,* Montpelier, for Defendant-Appellant.

**Peck, J.** This is an appeal by the defendant from that portion of an order granting a divorce which deals with the distribution of the marital estate. We affirm. An attempted cross-appeal by the plaintiff was not timely filed; accordingly, this Court lacks jurisdiction to consider the issue presented.

The trial court ordered the disposition of the marital property pursuant to 15 V.S.A. § 751. It ordered that each party receive one-half of the proceeds from the sale of their home, one-half of the proceeds of the sale of a vehicle, and that the distribution of personal property then in effect be retained with certain changes. It also ordered that the defendant pay the plaintiff one-third of the proceeds of a certificate of deposit recently negotiated by him.

This Court has repeatedly held that the division of marital property under 15 V.S.A. § 751 is a matter for the discretion of the trial court, and that the decree must stand unless an abuse of discretion has occurred. *Kinley* v. *Kinley,* 140 Vt. 77, 78, 435 A.2d 698, 699 (1981); *Graziano* v. *Graziano,* 139 Vt. 403, 404, 431 A.2d 448, 448 (1981); *Palmer* v. *Palmer,* 138 Vt. 412, 416, 416 A.2d 143, 146 (1980). Further, "[u]pon appellate review we will not interfere if a reasonable evidentiary basis supports the court's findings and the findings are sufficient to support the conclusions of law . . . ." *Emmons* v. *Emmons,* 141 Vt. 508, 511, 450 A.2d 1113, 1115

(1982). In the instant case the findings of the trial court are internally consistent and amply supported by the evidence. The findings are adequate to support the court's distribution of property, and we find no abuse of discretion. Accordingly, we affirm the trial court's distribution of property.

▮ The defendant's notice of appeal was filed on April 22, 1981. Approximately seven months later, on November 24, 1981, plaintiff filed a cross-appeal alleging error on the part of the trial court in its computation of child support payments due. V.R.A.P. 4 provides that "any other party may file a notice of appeal within 14 days of the date on which the first notice of appeal was filed . . . ." Even though the rule provides for a 30-day extension of time upon a showing of excusable neglect, it is clear that the cross-appeal was not timely filed. "We cannot review this [issue], because the . . . untimely notice of cross-appeal fails to vest jurisdiction in this Court." *Union Bank* v. *Jones*, 138 Vt. 115, 124, 411 A.2d 1338, 1344 (1980).

*Judgment affirmed; appellee's cross-appeal dismissed.*