### Constance Miller v. A. N. Deringer, Inc., and Northern Security Insurance Co.

[498 A.2d 501]

No. 83-234

Present: **Allen, C.J., Hill and Gibson, JJ., and Barney, C.J. (Ret.), and Underwood, J. (Ret.), Specially Assigned**

Opinion Filed June 14, 1985

Motion for Reargument Denied July 16, 1985

*Rodney F. Vieux*, Johnson, for Plaintiff-Appellant.

*C. Nicholas Burke* and *Robert P. Gerety, Jr.*, of *Plante, Richards, Terino & Hanley, P.C.*, White River Junction, for Defendant-Appellee Northern Security Insurance Co.

**Gibson, J.** Plaintiff sued A.N. Deringer, Inc., her insurance agent (hereinafter, agent), and Northern Security Insurance Company, an insurance carrier (hereinafter, carrier), seeking to recover for losses incurred in a fire that destroyed her mobile home and possessions. After interrogatory answers and a deposition established that the agent had never forwarded plaintiff's premium to the carrier, the court granted plaintiff's motion for summary judgment against the agent and dismissed plaintiff's claim against the carrier.

The agent appealed; plaintiff took no appeal from the dismissal of her claim against the carrier. Thereafter, plaintiff and agent stipulated to an order of this Court vacating the judgment and remanding for retrial.

On remand, plaintiff successfully moved to amend her complaint to reassert a claim against the carrier. However, several weeks later, on the carrier's motion, the court dismissed the claim on the grounds that the plaintiff had never appealed the prior judgment. Plaintiff appeals from the dismissal. We affirm.

■ Judgments from which timely appeals are not taken are conclusive upon the parties. *Baird* v. *Baird*, 142 Vt. 115, 117, 454 A.2d 1229, 1230 (1982); *Union Bank* v. *Jones*, 138 Vt. 115, 125, 411 A.2d 1338, 1344 (1980). "The same is true when the plaintiff prevails against one defendant and his claim against another is dismissed, and the unsuccessful defendant appeals. If the appellee wishes to upset the dismissal he must file a timely notice of appeal. Otherwise it is res judicata. Thus the rights of a party under a judgment cannot be disturbed except on appeal by a party aggrieved." 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice § 204.11[4], at 4-54 (2d ed. 1985) (footnote omitted); see *Tallman* v. *Udall*, 324 F.2d 411, 418 (D.C. Cir. 1963) (concurring opinion by majority of panel), *rev'd on other grounds*, 380 U.S. 1 (1965).

■ Plaintiff claims that the agent's appeal preserved her claims. However, if an appellant's appeal preserved the claims that an appellee had lost at trial, there would be no reason to cross-appeal, and those aspects of Appellate Rules 4 and 28 establishing time limits and procedures for cross-appeals would be superfluous. Plaintiff also claims that the motion to amend was merely technical, because this Court's order vacating the judgment against the agent also vacated the dismissal of her claim against the carrier. However, plaintiff's failure to appeal the dismissal in a timely manner never brought that issue before this Court; the dismissal therefore must stand. *Baird, supra*, 142 Vt. at 117, 454 A.2d at 1230; *Union Bank, supra*, 138 Vt. at 125, 411 A.2d at 1344.

*Affirmed.*