## Paul P. Margison v. Edward Spriggs

[499 A.2d 756]

No. 83-540

Present: **Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed July 19, 1985

*Welch, Graham & Manby*, White River Junction, for Plaintiff-Appellee.

*Cheney & Brock, P.C.*, Montpelier, for Defendant-Appellant.

**Gibson, J.** This is an appeal by defendant after the trial court granted summary judgment for plaintiff. We affirm.

Plaintiff moved for summary judgment on his claim for breach of a contract to repair and repaint defendant's car. Plaintiff's summary judgment motion also sought dismissal of a counterclaim alleging defective workmanship by plaintiff that would entitle defendant to recover his downpayment. Plaintiff's affidavits in support of his motion stated that, in a conversation between the parties, defendant had repudiated the contract and then removed the car.

Defendant's attorney responded to the summary judgment motion by submitting a memorandum of law, asserting that only plaintiff and defendant knew about the disputed conversation and that only by trial could the factfinder determine who was truthful. No affidavits were submitted. Although defendant appeared in court with counsel at the hearing, he did not testify.

In the absence of admissible evidence from defendant, the court granted summary judgment on the basis of plaintiff's affidavits, citing D.C.C.R. 56(e). That rule provides, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a

genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Six days after the court's order, defendant submitted a motion for relief from judgment. This time, affidavits rebutting plaintiff's affidavits accompanied his motion. The court denied the motion without explanation.

Defendant presents two arguments on appeal: (1) the court erred in granting summary judgment, and (2) the court erred in denying the motion for relief from judgment.

## I.

D.C.C.R. 56(c) provides, in part:

Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

▮▮ The summary judgment procedure of D.C.C.R. 56 pierces the pleadings to separate form from substance in disputes before the court. *Radobenko* v. *Automated Equipment Corp.*, 520 F.2d 540, 544 (9th Cir. 1975).* This procedure helps to defeat delay and sham, and to relieve pressure upon court dockets. 10 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2712, at 563 (1983). However, because of its severe consequences, e.g., *Miller* v. *A. N. Deringer, Inc.*, 146 Vt. 59, 498 A.2d 501 (1985) (res judicata effect), summary judgment should be granted cautiously so that no one will be improperly deprived of a trial of disputed factual issues. *Associated Press* v. *United States*, 326 U.S. 1, 6 (1945); *Berlin Development Associates* v. *Department of Social Welfare*, 142 Vt. 107, 111, 453 A.2d 397, 399 (1982) (party opposing summary judgment should be given benefit of all reasonable doubts). Therefore, to preserve the parties' right to trial, the moving party must "demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or otherwise are not in dispute, or else summary judgment will be denied notwithstanding that the nonmoving party has introduced

---

* "Federal cases interpreting the Federal Rules are an authoritative source for the interpretation of identical provisions of the Vermont Rules." V.R.C.P. 1, Reporter's Notes.

no evidence whatsoever." *Impossible Electronics Techniques, Inc.* v. *Wackenhut Protective Systems, Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982); *Alpstetten Association, Inc.* v. *Kelly*, 137 Vt. 508, 514-15, 408 A.2d 644, 647 (1979).

■ In support of his motion for summary judgment on this claim, plaintiff submitted affidavits supporting each contested averment in his complaint. Although plaintiff supported his motion adequately, defendant submitted no responsive affidavits as required by D.C.C.R. 56(e). Thus, the court did not err in awarding judgment on plaintiff's claim.

Defendant presented no evidence in support of his counterclaim, in which he asserted that the quality of work performed by plaintiff up to the time defendant removed his car had been unacceptable. Having prevented plaintiff from completing work by removing the vehicle, defendant cannot apply the loss he caused thereby to reduce plaintiff's claim for services. *Boville* v. *Dalton Paper Mills*, 86 Vt. 305, 317, 85 A. 623, 628-29 (1912). Accordingly, dismissal of the counterclaim is also affirmed.

■ We recognize that, in some situations, the trial court may exercise its discretion and refuse to grant summary judgment even though the legal standard appears to have been satisfied. 10A Wright, Miller & Kane, *supra*, § 2728, at 188-89. However, to win reversal on grounds that the court abused its discretion in failing to deny summary judgment, defendant must show that the court's failure to act was unreasonable. See *Cliche* v. *Fair*, 145 Vt. 258, 261, 487 A.2d 145, 148 (1984). Appellant has not met this burden on appeal. The mere possibility that this Court would have exercised its discretion differently is an insufficient ground for reversal. *State* v. *Dorn*, 145 Vt. 606, 616, 496 A.2d 451, 457 (1985).

## II.

Defendant also challenges the court's denial of his motion for relief from summary judgment. This motion was effectively a "Rule 60(b) motion made within the ten-day limit of Rule 59(e)." V.R.C.P. 59, Reporter's Notes. A party thus challenging the trial court's denial of a motion for relief bears the burden of proving an abuse of discretion. *R. Brown & Sons, Inc.* v. *International Harvester Corp.*, 142 Vt. 140, 143, 453 A.2d 83, 85 (1982).

Defendant's counsel conceded at oral argument that he had been neglectful in failing to submit responsive affidavits; however, the only excuse offered for that neglect is that defendant's counsel believed, in spite of D.C.C.R. 56(e), that a responsive memorandum would suffice. At best, this was an ill-advised tactical decision, *Okemo Mountain, Inc.* v. *Okemo Trailside Condominiums, Inc.*, 139 Vt. 433, 436, 431 A.2d 457, 459 (1981), or mistake of law, 11 Wright & Miller, *supra*, § 2858, at nn.8, 11, for which Rule 60(b) does not provide relief. Counsel's careless "ignorance of the Court's rules of procedure . . . is not the sort of 'excusable neglect' contemplated by . . . Civil Rule 60(b)," and it is no abuse of discretion to deny a motion to vacate dismissal in such a situation. *Ohliger* v. *United States*, 308 F.2d 667, 667-68 (2d Cir. 1962). A late-filed affidavit sufficient to defeat summary judgment does not justify relief if it asserts facts that were known prior to judgment. *Couch* v. *Travelers Insurance Co.*, 551 F.2d 958, 959-60 (5th Cir. 1977); accord *Mas Marques* v. *Digital Equipment Corp.*, 637 F.2d 24, 29-30 (1st Cir. 1980); see also *Smith* v. *Stone*, 308 F.2d 15, 18 (9th Cir. 1962) (merits of claim did not justify inexcusably late filing of affidavits).

■ Because defendant failed to demonstrate that his neglect was excusable the court's refusal to grant relief from judgment was proper.

*Affirmed.*

