762 A.2d 1233 (2000)
Dianne LaMORIA
v.
Raymond LaMORIA.
No. 99-359.
Supreme Court of Vermont.
July 19, 2000.
Motion for Reargument Denied September 1, 2000.
*1234 Present: DOOLEY, MORSE, JOHNSON, SKOGLUND and GIBSON (Ret.), Specially Assigned, JJ.

ENTRY ORDER
Mother Dianne LaMoria appeals from the denial of several discovery motions and a motion for modification of custody and visitation. She also alleges that the court erred by: (1) refusing to permit depositions of Lisa Casey, Shayna LaMoria, and Douglas Andrews; (2) refusing to order a forensic family evaluation; (3) failing to consider evidence of father's parenting abilities in the original order awarding him sole parental rights and responsibilities; (4) improperly delegating authority over parent-child contact to a counselor; (5) failing to rule on her Daubert challenge to the counselor's admission as an expert; (6) extending the relief-from-abuse order; (7) making findings that are not supported by the evidence; and (8) improperly modifying custody in a relief-from-abuse (RFA) petition. We affirm.
Mother and father, Raymond LaMoria, divorced in 1993 and shared joint legal and physical rights and responsibilities for their only daughter, Shayna, born in 1990. In the words of the court, "[a] complete breakdown in the parties' relationship ... occurred" in the years 1993 to 1996. During that time mother made several allegations to the Department of Social and Rehabilitation Services (SRS) that father was sexually assaulting Shayna. Each accusation was investigated and found by SRS to be unsubstantiated. Father believed that Shayna was suffering emotional harm because mother had pushed Shayna to make these allegations and because Shayna was a witness to the breakdown of mother and father's relationship in these years. Therefore, in 1996, father moved for sole legal and physical parental rights. After hearing evidence over many days, the Rutland Family Court modified the divorce order and granted father sole legal and physical responsibility for Shayna. The court also granted mother supervised visitation with Shayna for one hour a week. Mother never appealed this order, dated December 23, 1996.
In May 1996, father requested a RFA order based on mother's violent behavior toward him. As in the custody proceeding, the court heard numerous days of testimony over a long period of time. In January 1997, the court granted a final RFA order, which has been extended several times at father's request. Most recently, father requested an extension, and this request was heard along with mother's motions for discovery and modification of custody and visitation. In the order dated July 15, 1999, in which the court found no changed circumstances to permit modification, the court extended the RFA order based on the evidence that issues between mother and father were still "contentious" and unresolved. On appeal to this Court, mother objects to the extension.
In July 1997, mother moved to modify the December order granting father sole custody of Shayna and to modify the visitation set out in that order. She requested discovery pursuant to V.R.F.P. 4(g)(2)(A) & 5 (depositions not on issues of support, maintenance, or property division may be taken only for good cause shown, and court may order home study). The request for a forensic family evaluation was denied in an order dated January 29, 1998, which mother did not appeal. The court denied her motions for deposition, and, as threshold matter, found no change in circumstances sufficient to permit reconsideration of the custody and visitation decisions. Mother appeals.
*1235 A number of mother's claims of error must be dismissed at the outset because they have not been properly preserved. See Miller v. A.N. Deringer, Inc., 146 Vt. 59, 60, 498 A.2d 501, 502 (1985) ("Judgments from which timely appeals are not taken are conclusive upon the parties.") Thus, as mother did not appeal the January 1998 denial of her request for a home study under V.R.F.P. 5, she cannot raise it now, two years later. Similarly, the family court had previously denied mother's motion to depose Douglas Andrews on August 20, 1998, and mother did not appeal. We will not entertain mother's repeated motions for this deposition. Additionally, mother here claims that Judge Valente erred in failing to make findings regarding father's ability to parent. As mother did not appeal Valente's December 23, 1996 decision we cannot review the findings embodied in that order. Finally, mother argues that the December 23, 1996 order modified custody through a RFA petition and the court lacked authority to do so. Mother's failure to timely appeal that order forecloses this claim now.
Turning to the remaining issues on appeal, we first address the discovery motions the denial of which mother appeals. "Discovery rulings are within the sound discretion of the trial court and will not be disturbed on appeal absent a clear abuse or withholding of that discretion." Lamare v. North Country Animal League, 170 Vt. ___, ___, 743 A.2d 598, 604 (1999). Further, discovery such as mother sought is granted in family cases only for "good cause shown." V.R.F.P. 4(g)(2)(A). The court concluded that mother had not shown good cause for deposing Lisa Casey, father's girlfriend, because the issues involving Ms. Casey predated the December 23, 1996 order that mother did not appeal. Therefore, mother was attempting to reopen those issues, despite her failure to appeal, by deposing Ms. Casey about matters resolved by that order. There was no abuse of discretion in denying this deposition. The other discovery mother requested was the deposition of Shayna LaMoria. The court denied this motion on the grounds that her testimony was available through other means, such as through her therapist or father, and that the detriment to Shayna outweighed any probative value of the testimony. The court properly noted that V.R.F.P. 7(e) provides a balancing test to evaluate a request to have a child as a witness. The court concluded that mother had not made a showing to overcome the presumption against such testimony embodied in the rule. See Reporter's Notes V.R.F.P. 7 ("The statute recognizes that the act of testifying for or against one parent, and requests by a parent for such testimony, are often harmful to children."). We see no abuse of discretion in denying the motion to depose Shayna.
Mother further argues that the court erred by improperly delegating authority over parent-child contact to the child's counselor, Gail Coghlan, and failing to rectify the impasse between Coghlan and mother's therapist, Phyllis Pierce. Under the December 23, 1996 order, Drs. Coghlan and Pierce were to work together to increase mother-daughter contact time. In the order on appeal here, the court found that the two therapists had been unable to cooperate and that this development was a change in circumstances sufficient to allow the court to modify the December 1996 order. The court then concluded that Shayna's best interests would be served by continuing supervised visitation and ordered extended visitation of an additional one and one-half hours per week, at a time to be agreed upon by the parties. Only if mother and father cannot agree does Coghlan have any role in the process at all and then her role is only to set a time for visitation. We have approved such delegation of ministerial tasks to therapists in the past. See Fenoff v. Fenoff, 154 Vt. 450, 454-55, 578 A.2d 119, 121 (1990). To the extent that mother objects to the original December 1996 order, or the court's failure to act in the years following the December 1996 order, *1236 she has waived those objections by her failure to appeal the December 1996 order.
Next, mother contends that Coghlan's testimony should have been excluded at the hearing on modification because Coghlan does not qualify as an expert witness under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592-95, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The transcript reveals that Coghlan was offered as an expert only in the context of being Shayna's treating counselor, not as an expert on sexual abuse or on mother's psychiatric condition. Further, the transcript reveals that mother's counsel stated, "If [she is being admitted] just as the treating counselor, then I will handle it on cross-examination." We see no abuse of discretion in the court's permitting Coghlan to testify.
Mother further argues that the court erred in granting father's motion to extend the RFA order. Mother takes issue with the truth of the three incidents cited by the court as supporting its decision to extend the RFA order. The court noted that the order had originally been granted based on findings that mother had been violent toward father and/or Shayna three times, and it extended the RFA order based in part on the fact that mother "has been placing herself in close proximity to [father] which, from [father's] point of view, has been intimidating and a threat to his personal liberty." The court credited father's extensive testimony about mother's stalking behavior and the fear it creates in him; therefore the findings are supported by credible evidence. As the trier of fact, it is the province of the family court to determine the credibility of the witnesses and weigh the persuasiveness of the evidence. See Cabot v. Cabot, 166 Vt. 485, 497, 697 A.2d 644, 652 (1997). We will uphold conclusions of law if supported by the findings. See Abbiati v. Buttura & Sons, Inc., 161 Vt. 314, 318, 639 A.2d 988, 990 (1994). The decision to extend the order is supported by the findings that mother has been behaving in a threatening manner.
Finally, mother claims that the court erred by making findings that are not supported by the evidence, specifically, findings that (1) she brought sexually explicit candy to a visit with Shayna; (2) Shayna told father that mother held a knife to mother's own throat when discussing the sexual abuse allegations against father; and (3) mother called father an obscene name. These findings are supported by testimony from Drs. Pierce and Coghlan, and from father. As the findings are supported by credible evidence, they will not be disturbed. See Cabot, 166 Vt. at 497, 697 A.2d at 652. Although mother now argues that Coghlan's testimony about the candy was hearsay, by failing to bring her objection to the attention of the trial court at the time, she has waived this objection. See State v. Valley, 153 Vt. 380, 397, 571 A.2d 579, 588 (1989) ("Where an objection is absent, untimely, or nonspecific, the error, if any, is waived.").
Affirmed.