*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-113

SEPTEMBER TERM, 2012

| | | |
|---|---|---|
| Jessica Woodward | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Caledonia Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Richard Woodward | } | DOCKET NO. 14-1-12 Cafa |

Trial Judge: M. Kathleen Manley

In the above-entitled cause, the Clerk will enter:

Defendant appeals the family division's order granting plaintiff relief from abuse. We affirm.

Plaintiff and defendant have three young children and had been married for several years when, in December 2010, plaintiff left defendant, filed for divorce, and sought a relief-from-abuse (RFA) order. Plaintiff obtained a RFA order that same month for a one-year period based primarily on an incident in which defendant struck plaintiff in the face. In addition to the RFA order, the incident led to a domestic assault charge and a deferred sentence for defendant.

Plaintiff's attempt in January 2012 to extend the RFA order was dismissed as untimely. Shortly thereafter, plaintiff filed a new complaint for relief from abuse. At the conclusion of a January 31, 2012 hearing, at which plaintiff testified, the family division issued a new RFA order for a one-year period. Defendant appeals that order, arguing that there was insufficient evidence of abuse to support the new order.

The family division shall issue RFA orders as it deems necessary to protect the plaintiff and any children involved if, in relevant part, the court finds that the defendant has abused the plaintiff and there is a danger of further abuse. 15 V.S.A. § 1103(c)(1)(A). "Abuse" is defined to include "[p]lacing another in fear of imminent serious physical harm." Id. § 1101(1)(B). "In a relief-from-abuse hearing, the plaintiff has the burden of proving abuse by a preponderance of the evidence." Coates v. Coates, 171 Vt. 519, 520 (2000) (mem.). The interpretation, weight, and persuasiveness of the evidence, and the credibility of the witnesses, are within the province of the trial court. LaMoria v. LaMoria, 171 Vt. 559, 561 (2000) (mem.). We review the court's findings in the light most favorable to the judgment, disregarding the effect of modifying evidence, and thus we will not set aside the findings unless they are clearly erroneous. Coates, 171 Vt. at 520. In short, findings will be upheld if supported by credible evidence, and the court's conclusions will be affirmed if reasonably supported by the findings.

Plaintiff was the only witness at the hearing in this case. She testified that defendant had frequently struck her and choked her in front of the children during the course of their seven-year marriage. She also testified that he had frequently told her he would kill her and the children if

she ever left him and she provided grisly details as to how he would do it and get away with it. She testified that, as a result of his actions and threats during their marriage, she was afraid to be near him. She testified that, since the first RFA order was put in place, she had seen him only at the courthouse. She described one incident in November 2011 when she observed defendant come out of a case manager's conference cursing and saying he hated her. She testified that she felt like he would have hit her if he had known she was nearby. On another occasion, her eldest child's therapist played back a recording of a telephone message that defendant had left for the therapist. Plaintiff testified that she broke down when she heard the message because the mere sound of his voice scared her. She stated that she continued to be afraid of defendant and concerned for her safety.

At the conclusion of the hearing, the trial court found that plaintiff had "testified credibly . . . to a life of seven years of violence," which included "hitting her on a number of occasions and strangulation on occasion" in the children's presence. According to the court, "[i]t's evident, just watching [plaintiff] testify, that she has significant fears of [defendant] and, apparently, the children continue to experience issues as a result of the abuse sustained or witnessed over the course of the parties' years together." The court noted that given the history of abusive behavior by defendant toward plaintiff over a number of years, just hearing his voice was enough for plaintiff to experience anxiety. The court stated that defendant's apparent inability to control himself even in a courthouse setting with security present "gives one pause as to his ability to control his anger and feelings of expressed hatred toward [plaintiff] in a setting less confining than that." Noting that the parties were still "involved in an apparently contentious divorce" involving "an ongoing issue with regard to parent-child contact," the court concluded that defendant "represents a credible threat to both the safety of the children and to [plaintiff] and that an order is necessary to ensure his continued good behavior."

On appeal, defendant argues that there was insufficient evidence of abuse to support the new order. He asserts, without explaining how or why, that the doctrine of res judicata precluded the court from relying upon the same facts that it had relied upon in making the original expired order. According to defendant, plaintiff could not obtain a second RFA order unless she proved that she and the children had been abused since issuance of the original order. In defendant's view, she failed to do so insofar as the only evidence she produced as to his alleged abuse since issuance of the initial RFA order was the following: (1) defendant leaving some undetermined message on a therapist's answering machine; and (2) defendant expressing frustration with the legal process in the courthouse without even realizing that plaintiff was nearby. According to defendant, these two acts cannot possibly be considered abuse sufficient to support the court's new RFA order because they were not directed at plaintiff and posed no imminent threat of physical harm to plaintiff.

We agree, but only to a limited point. The absence of any record evidence as to the content of defendant's message to the therapist cannot support a finding or conclusion of abuse. Plaintiff's purely subjective fear in reaction to just hearing defendant's voice is no proof that the message was abusive. Similarly, the fact that defendant behaved angrily coming out of a case manager's conference and declared anticipation of his day in court, in and of itself, hardly supports the trial court's characterization of defendant failing to maintain self control in a threatening manner. The court also found, however, from plaintiff's testimony about her observations of defendant leaving the manager's conference, that defendant angrily asserted hatred for plaintiff.

Given the history of past abuse evinced at the hearing, the ongoing acrimonious divorce action, and defendant's declaration of continued animus towards plaintiff, the record supports the

2

court's order based on plaintiff's fear of imminent serious harm. 15 V.S.A. § 1101(1)(B). As an initial matter, we reject defendant's suggestion that mother was precluded from raising instances of abuse cited in the earlier RFA proceeding and could not obtain a new RFA order unless she proved new abuse by defendant since the initial order issued. As noted, the family division is required to issue a RFA order "if the court finds that the defendant has abused the plaintiff" and, in relevant part, "there is a danger of further abuse." Id. § 1103(c)(1)(A). Beyond that threshold, the statute imposes no limit on its injunctive remedy, nor does defendant posit how his invocation of res judicata precludes further relief against a currently extant risk of abuse. As long as there has been past abuse and a danger of further abuse, the court must issue an order. See Raynes v. Rogers, 2008 VT 52, ¶ 8, 183 Vt. 513 ("Abuse-prevention orders are unique in that they are intended to provide immediate relief from intrafamily violence as well as to protect victims from future abuse, rather than to hold perpetrators liable for past acts of violence.").

The relief sought depends not on defendant's intent, but on the reasonableness of plaintiff's fear attributable to defendant's action. See, e.g., Smith v. Hawthorne, 2002 ME 149, ¶ 18, 804 A.2d 1133, 1139 (recognizing that victim's fear had to be reasonable for abuse to be found); Ginsberg v. Blacker, 852 N.E.2d 679, 683 (Mass. App. Ct. 2006) (holding that victim's fear resulting from defendant's words or conduct must be reasonable and not just subjective). That an expression of hatred can combine with other facts to create grounds for relief does not, as defendant claims, punish protected speech. The court's order was not based on words alone, but on the egregious history of abuse, the tinder of the family court proceedings, and defendant's recently expressed animosity. We cannot conclude the trial court exceeded its discretion in issuing the order. See Raynes, 2008 VT 52, ¶ 9 (stating that trial court's decision to deny or grant protective order is reviewed for abuse of discretion because "[i]n matters of personal relations, such as abuse prevention, the family court is in a unique position to assess the credibility of witnesses and weigh the strength of evidence at hearing"); Ferrisburgh Realty Investors v. Schumacher, 2010 VT 6, ¶ 13, 187 Vt. 309 (noting well-settled rule that trial court's decision may be affirmed on any viable ground).

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice

3