2013 VT 74

### Rhonda Cameron Rollo v. David W. Cameron

[82 A.3d 1184]

No. 12-166

Present: **Reiber, C.J., Dooley, Skoglund, Burgess and Robinson, JJ.**

Opinion Filed September 13, 2013

*Rhonda Cameron Rollo*, Pro Se, St. Albans, Plaintiff-Appellee.

*David W. Cameron*, Pro Se, Newport, Defendant-Appellant.

¶ 1. **Skoglund, J.** Defendant appeals pro se from a final relief-from-abuse order issued by the family division of the superior court. He raises numerous claims, including allegations that he was not properly served with the temporary order or the final order. We affirm.

¶ 2. The record discloses that plaintiff filed a complaint on April 23, 2012, seeking to extend an existing relief-from-abuse order against defendant issued a year earlier based on threats that defendant would kill plaintiff when released from prison. Plaintiff

failed to appear at the final hearing however, and the order expired on April 26, 2012. Plaintiff then filed a new complaint on May 1, 2012, alleging that she had been unable to appear because of a death in the family, that defendant would soon be eligible for release from prison, and that he had threatened to harm her as soon as he was released. The court issued a temporary order that included notification of a final hearing to be held on May 7, 2012 at the family division of the superior court in St. Albans, Vermont at 8:30 a.m. The temporary order, along with the complaint and supporting affidavit, was sent to defendant at the. Lee Adjustment Center in Beattyville, Kentucky. The record contains a return of service by a prison official from the Center, dated May 2, 2012, indicating that he personally served the order on defendant and that defendant refused to sign the acceptance of service.

¶ 3. Plaintiff was present at the hearing on May 7, 2012. Defendant, however, failed to appear in person or by telephone. The court issued a final order, effective until May 7, 2015, that imposed restrictions on defendant that were contained in the temporary order and that precluded defendant from contacting or threatening plaintiff. Defendant was personally served with the final order, again at the Lee Adjustment Center in Kentucky, and the record contains a return of service, dated May 8, 2012, indicating that a prison official from the Center hand delivered the final order to defendant, and that defendant refused to sign the acceptance of service.

¶ 4. ■ On appeal, defendant contends that he did not receive notice of the final hearing. As noted, however, the record contains a return of service indicating that the complaint and the court's temporary order containing notice of the hearing, scheduled for May 7, 2012, were personally served on defendant on May 2, 2012. He had actual notice. Accordingly, we find no merit to the claim.

¶ 5. Defendant also argues that he was not properly served because service was made by a prison official rather than a law enforcement officer. He challenges service under both Vermont Rule of Civil Procedure 4(c) and the statute governing service of "[a] complaint or ex parte temporary order or final order" issued under Title 15, chapter 21, Abuse Prevention, § 1105(a).

¶ 6. By statute, relief-from-abuse proceedings are governed by the Vermont Rules for Family Proceedings. 15 V.S.A. § 1106(a); see V.R.F.P. 9. In turn, the family rules specify that these

proceedings are governed by the Vermont Rules of Civil Procedure unless there is a conflict with a specific family rule or a statute. V.R.F.P. 9(a)(1). Generally, service of a complaint is governed by Civil Rule 4, which provides, in part, that service "shall be made by a sheriff or deputy sheriff, by a constable or other person authorized by law, or by some indifferent person specially appointed for that purpose by any superior judge, or a judge of the court to which it is returnable." V.R.C.P. 4(c). Service of a court order is governed by Civil Rule 5(b), which provides that service may be made upon an attorney or party "by delivering a copy to the attorney or party." See also 4B C. Wright & A. Miller, Federal Practice and Procedure § 1143 (3d ed. 2002).

¶ 7. When an emergency relief order is sought in family court, the court can issue a temporary order when certain findings are made. See V.R.F.P. 9(a). Then, service of the court order is made "in accordance with the Vermont Rules of Civil Procedure and may be served by any law enforcement officer." 15 V.S.A. § 1105(a). The service of the court order includes the complaint so as to provide notice to the defendant as to the allegations asserted that gave rise to the temporary relief from abuse order of the court. See *id.* The question is whether Civil Rule 4 controls in the special circumstances presented by the service of the temporary order given that the statute requires that the original complaint is part of the collective documents served upon defendant.

¶ 8. ■ Confusion is created by the inclusion of the "complaint" within 15 V.S.A. § 1105, the statute governing service of an ex parte temporary order or final order. Section 1105(a) provides that service of a complaint or ex parte temporary order or final order shall be in accordance with the rules of civil procedure, and *"may* be served by any law enforcement officer." (Emphasis added.) It does not require service by a law enforcement officer.

¶ 9. Defendant maintains that service was not effectuated in accordance with Civil Rule 4. His primary complaint focuses on a lack of evidence that the prison official was a person listed authorized to serve a complaint under Civil Rule 4. See V.R.C.P. 4(c) ("Service . . . shall be made by a sheriff or deputy sheriff, by a constable or other person authorized by law, or by some indifferent person specially appointed for that purpose by any superior judge, or a judge of the court to which it is returnable . . . ."). Defendant posits that no order appointed the prison

official at the Lee Adjustment Center to effectuate service on him. Nothing in the record answers the question of whether the prison official who served the complaint in this matter is the equivalent of a sheriff or constable for purposes of service, or whether prison officials are otherwise "authorized by law" to effect service. It is also unknown whether the superior court has authorized prison officials to effect service in cases of this nature.

¶ 10. ■ Nonetheless, what is clear from the record, and what is uncontested by defendant, is that defendant was afforded actual notice of the temporary order and complaint. We have held that a party who has received actual notice of a suit against him must raise all the jurisdictional objections in a timely manner. One such defense that may be waived if not timely filed is insufficiency of service of process. See, e.g., *Myers v. Brown*, 143 Vt. 159, 167, 465 A.2d 254, 258 (1983). "[I]nsufficiency of service of process" is specifically included among the defenses that may be waived if not timely raised under Civil Rule 12(h)(1).

¶ 11. ■ To properly assert the defense of insufficient service of process, defendant needed to either file a motion to dismiss prior to the final relief-from-abuse hearing or raise the defense at the hearing itself. See *Gaboriault v. Van Aelstyn*, No. 2003-290, 2004 WL 5583286, at *2 (Vt. Jan. 7, 2004) (unpub. mem.), http://www.vermontjudiciary.org/d-upeo/upeo.aspx (holding that defendant waived his claim of improper service when he failed to raise such claim at hearing held less than twenty-four hours after he was served temporary relief-from-abuse order). Defendant failed to do either.

¶ 12. ■ Accordingly, we have held that where, as here, a party was afforded actual notice of an action, and later suffers a default judgment, the failure to plead defective service results in a waiver of the issue on appeal. *Myers*, 143 Vt. at 166-67, 465 A.2d at 258; see also *In re Burlington Elec. Dep't*, 141 Vt. 540, 546, 450 A.2d 1131, 1134 (1982) (explaining that where process is not in substantial compliance with requirements, "the defect may be waived" (quotation omitted)). Thus, any error in this regard was waived.

¶ 13. ■ While the dissent faults plaintiff with failing to comply with the rules, given the process set forth in the Rules for Family Proceedings and the statutes governing emergency relief, that assignment of blame cannot stand. It is the court that initiates

service of the temporary restraining order on the defendant, not the plaintiff. Return of service of the temporary order is filed directly with the court, 15 V.S.A. § 1105(c) ("The person making service shall file a return of service with the court . . . ."), rather than being returned to the plaintiff's attorney for filing proof of service with the court. V.R.C.P. 4(i).

¶ 14. In light of defendant's default, the remaining claims attacking the merits of the order were not raised below, and were not preserved for review. *LaMoria v. LaMoria*, 171 Vt. 559, 560, 762 A.2d 1233, 1235 (2000) (mem.). We therefore discern no basis to disturb the judgment.

*Affirmed.*

¶ 15. **Dooley, J.,** dissenting. To initiate a lawsuit, a party, or the court on the party's behalf, must follow very specific requirements, and no relief is appropriate unless an action has been properly instituted. Plaintiff, or the court, did not comply with the rules here, and plaintiff therefore was not entitled to the relief granted to her by the trial court. I would reach the merits of defendant's insufficient-service-of-process defense, and either direct that service be quashed or that the case be dismissed. I therefore dissent.

¶ 16. To initiate a relief-from-abuse case, a plaintiff must file a complaint supported by an affidavit. 15 V.S.A. § 1103(a). By statute, such complaints, as well as ex parte temporary relief-from-abuse orders or final orders, must "be served in accordance with the Vermont Rules of Civil Procedure and may be served by any law enforcement officer."[1] *Id.* § 1105(a).

¶ 17. By statute, relief-from-abuse proceedings are governed by the Vermont Rules for Family Proceedings. 15 V.S.A. § 1106(a); see V.R.F.P. 9. In turn, the family rules specify that these proceedings are governed by the Vermont Rules of Civil Procedure unless there is a conflict with a specific family rule or a statute. V.R.F.P. 9(a)(1). The question before us is governed by the civil rules because the requirements of these rules are not in conflict with the statute or the specific family rules.

---

[1] The statute also provides another means of service — a defendant is deemed to have been served if he or she attends a hearing at which a temporary or final order is issued, and receives notice from the court on the record that the order has been issued. 15 V.S.A. § 1105(a). That provision is not at issue here.

¶ 18. Vermont Rule of Civil Procedure 4(c) governs service of a temporary relief-from-abuse order because attached to that order is the plaintiff's complaint. The temporary order also contains a notice of hearing, similar to a summons, informing the defendant when and where a hearing will be held on the plaintiff's complaint. The defendant is notified that if he or she fails to appear at the hearing, an order may be issued granting the plaintiff's requests for relief as the court deems appropriate.

¶ 19. By rule, complaints and summonses must be served "by a sheriff or deputy sheriff, by a constable or other person authorized by law, or by some indifferent person specially appointed for that purpose by any superior judge, or a judge of the court to which it is returnable." V.R.C.P. 4(c). By making service of process a public responsibility, the rule ensures oversight of the service process, and it impresses on individuals served the seriousness of the litigation process. It is a critical neutral requirement to ensure due process of law. Defendant was not served in accordance with this rule. He was served by a unit manager at the prison, and the lawsuit was therefore never properly initiated.

¶ 20. Proper service of process is imperative. As we have explained, while a court may have subject matter jurisdiction over a case, it cannot exercise this authority on its own motion. *Howe v. Lisbon Sav. Bank & Trust Co.*, 111 Vt. 201, 207, 14 A.2d 3, 6 (1940). Instead, the "parties and their case must be brought before it," which "is accomplished by the use of process." *Id.* The court is thereby "empowered to exercise its judicial authority and so when we state that process confers jurisdiction we mean that it empowers the court to exercise authority derived from law." *Id.* at 208, 14 A.2d at 6 (explaining that this authority is passive in nature until made active by process or something that the law permits to perform the function of it). The U.S. Supreme Court expresses a similar view: "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). In other words, "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.*

¶ 21. While it is true that the defense of insufficient service of process can be waived, the conditions necessary for waiver are not

present here. The civil rules contemplate the filing of a complaint, followed by an answer. Under the rules, a defendant has at least twenty days in which to file an answer and raise defenses such as insufficient service of process. See V.R.C.P. 12(a)(1). Alternatively, a defendant can raise such a defense by motion prior to the filing of an answer. V.R.C.P. 12(b). By rule, the defense of insufficient service of process is waived if not made by motion or included in a responsive pleading or an amendment thereof. V.R.C.P. 12(h)(1).

¶ 22. The relief-from-abuse process does not contemplate the filing of an answer, however, nor will twenty days generally elapse before issuance of a final order. Indeed, the law requires that, where a temporary relief-from-abuse order has been granted, a final hearing must be held within ten days. 15 V.S.A. § 1104. Under these circumstances, there can be no basis for finding waiver under the civil rules.

¶ 23. For the same reason, this case is also distinguishable from *Myers v. Brown*, 143 Vt. 159, 465 A.2d 254 (1983), cited by the majority. In *Myers*, a defendant sought to set aside a default judgment because it had never been served with either a complaint or a summons. The defendant had actual knowledge of the lawsuit, but the plaintiffs served the wrong party. Despite knowledge of the suit, the defendant did not file any motion, answer, or other responsive pleadings within the time permitted by Civil Rule 12. We agreed with the defendant that service had been insufficient, but concluded that this was a procedural shortcoming of the type that may be waived. As we explained, "a party who has received actual notice of a suit against him must raise all the jurisdictional objections listed in V.R.C.P. 12(h)(1) within the time and in the manner prescribed by that rule, else they are waived." *Id.* at 167, 465 A.2d at 258.

¶ 24. Defendant here had no opportunity to raise the defense of insufficient service of process "within the time and in the manner prescribed" by Civil Rule 12 because a final order issued before twenty days elapsed. Thus, defendant could not have waived this defense.

¶ 25. The majority decision refers in numerous places to notice of the hearing and service of the temporary restraining order. The fact that defendant knew of the time and date of the hearing and did not appear, and knew of the issuance of the temporary ex parte order, is irrelevant to the determination of whether there

was proper service of the complaint.[2] If we want to create a requirement to raise improper service at the hearing on a permanent order, we should amend the family rules to provide for that requirement or specify that failure to appear at the hearing is a waiver of service. The proper course of action is not to dispense with the clear requirement for service of process contained in the governing rule.

¶ 26. We should conclude that service was not properly made in this case, and direct the trial court to either dismiss the case or quash the service made on defendant. See generally 5B C. Wright & A. Miller, Federal Practice & Procedure § 1354, at 348 (3d ed. 2004) (explaining that where party moves to dismiss for insufficient service of process, court may either dismiss action or quash process without dismissing action, and noting that difference between two results is not substantial). Plaintiff can then either reinstitute the action, or, if service is quashed, simply reserve defendant in accordance with the rules. We should not allow plaintiff to avoid her responsibility for ensuring proper service, and we should not allow a court to grant relief where a lawsuit was not properly initiated.

¶ 27. I am authorized to state that Justice Robinson joins this dissent.

---

[2] The majority cites the nonprecedential three-justice decision in *Gaboriault v Van Aelstyn*, No. 2003-290, 2004 WL 5583286, at *2 (Vt. Jan. 7, 2004) (unpub. mem.), http://www.vermontjudiciary.org/d-upeo/upeo.aspx, for the proposition that defendant had to appear at the hearing or he waived any defense based upon improper service of process. The decision indicates that defendant made "no specific argument in support of the claim," and this appears to be the basis for the decision. *Id.* In any event, the decision contains no analysis of the rules on service or our waiver-of-defense jurisprudence and is not precedential.