*Messier v. Bushman*, No. 34-1-17 Wncv (Teachout, J., Aug. 10, 2017).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**
**Washington Unit**

**CIVIL DIVISION**
**Docket No. 34-1-17 Wncv**

**MICHAEL D. MESSIER**
    **Plaintiff**

    **v.**

**KAY H. BUSHMAN AND THE STANDARD FIRE**
**INSURANCE COMPANY D/B/A TRAVELERS,**
    **Defendants**

### DECISION
**Ms. Bushman's Motion for Judgment on the Pleadings**
**Mr. Messier's Motion for Partial Summary Judgment**
**Mr. Messier's Motion for Entry of Default**
**Travelers' Motion to Dismiss**

Plaintiff Michael Messier alleges that Defendant Kay Bushman is liable for injuries he suffered in an automobile collision with her, and that her auto insurer, Defendant The Standard Fire Insurance Company d/b/a Travelers, is liable for consumer fraud for failing to settle his claim pre-suit. Ms. Bushman has filed a motion for judgment on the pleadings arguing that Mr. Messier failed to properly serve her with process and the statute of limitations now has run. Mr. Messier has filed a motion for partial summary judgment seeking to establish Ms. Bushman's liability for the collision. Mr. Messier also has filed a motion for entry of default against Travelers, which has filed a motion to dismiss the consumer fraud claim, arguing that the relationship between a third-party tort plaintiff and the tortfeasor's insurer does not fall within the contemplation of the Consumer Protection Act.

*Ms. Bushman's Motion for Judgment on the Pleadings*

The car accident occurred on January 16, 2014. The complaint was filed on January 13, 2017, a few days before the three-year statute of limitations, 12 V.S.A. § 512(4), would have expired. Timely filing of the complaint tolls the statute of limitations so long as service is timely under the rules. *Bessette v. Dep't of Corr.*, 2007 VT 42, ¶¶ 7–12, 182 Vt. 1; *Clark v. Baker*, 2016 VT 42, ¶ 15. Service was due within 60 days of filing the complaint. V.R.C.P. 3. There has never been any Rule 6 request to extend the time for service.

The first attempt at service occurred at Ms. Bushman's Vermont residence. It was discovered that Ms. Bushman was out of the state for a semester abroad. Process was not left with any other resident of the household.

Mr. Messier then attempted substitute service on the commissioner of motor vehicles pursuant to 12 V.S.A. §§ 891–892. Section 892(a) provides in pertinent part:

> Service of process shall be made by leaving a copy of the process with a fee of $15.00 with the Commissioner, or in his or her office. Service shall be sufficient upon the person, provided that a copy of the process with the officer's return on it, showing service upon the Commissioner as provided in this section, is sent by the plaintiff to the defendant, or the personal representative of his or her estate, by registered or certified mail, and provided further that the plaintiff's affidavit of compliance is filed with the process in court.

12 V.S.A. § 892(a). According to the return, Mr. Messier served the commissioner on February 21, 2017. He then was required to send a copy of the process and the return of service on the commissioner to Ms. Bushman by registered or certified mail and file an affidavit of compliance with the court.

Mr. Messier's affidavit of compliance includes one relevant assertion: "We sent by registered mail a copy of the summons, complaint and return of service to the Defendant at the Chase Road address listed above pursuant to 12 V.S.A. § 892(a)." Ms. Bushman's parents, at whose address the mailing was sent, received the registered letter on February 25, 2017 and opened it on March 4, once they had Ms. Bushman's permission to do so. It included the complaint and a summons and the return of service showing that service was not made on Ms. Bushman personally at her residence.[1] It did not include the return of service on the commissioner of motor vehicles as required by § 892(a). It therefore provided no notice of the substitute service.

With actual notice of the lawsuit, Ms. Bushman filed an answer on March 29 noting the defect in service and, the next day, her Rule 12(c) motion asserting it as a basis for judgment on the pleadings. Mr. Messier argues that service was properly completed, and Ms. Bushman waived her defective service argument anyway by not asserting it in a timely manner.

Mr. Messier never perfected service. Service on the commissioner required that he send a copy of the return of service on the commissioner to Ms. Bushman and he never did. He also was required to file an affidavit with the court showing compliance with the statute. While he filed an affidavit, it did not show compliance with § 892(a). It neither asserted that the commissioner had been served or that a return of service on the commissioner had been sent to Ms. Bushman. This was, in effect, no different from simply mailing a copy of the summons and complaint to a defendant at her Vermont residence knowing that she was temporarily out of the country, which is not contemplated by either Rule 4 or 12 V.S.A. §§ 891–892.

Substituted service statutes must be complied with strictly. *Brammall v. LaRose*, 105 Vt. 345, 349 (1933); see generally, e.g., *Taft-Blakely v. Reinhart Foodservice, LLC*, No. 2015-314, 2016 WL 3248841 (Vt. June 9, 2016) (noting that failure to strictly adhere to requirements of 12 V.S.A. § 892 led to dismissal in trial court). Actual notice does not render a defect in formal service moot. *Fercenia v. Guiduli*, 2003 VT 50, ¶ 12, 175 Vt. 541 ("That defendants had notice

---

[1] Ms. Bushman argues that the summons is void because it was misdated as executed in 2016 rather than 2017. It is unnecessary to address this argument due to the court's ruling on the defective service and statute of limitations issues.

of plaintiff's claim is of no moment."). There is no evidence that Ms. Bushman was attempting to avoid service or of any other basis for an estoppel against her.

Mr. Messier argues, however, that Ms. Bushman waived this matter by not raising it in a timely manner. Rule 12(h)(1) establishes that certain defenses, including insufficiency of service of process, are waived if not raised in a viable Rule 12 motion or included in a responsive pleading. A party with actual notice of the suit, despite any defect in service, remains subject to that rule. *Myers v. Brown*, 143 Vt. 159, 167 (1983). The *Myers* Court described the rule as follows: "absent a failure of due process, a party who has received actual notice of a suit against him must raise all the jurisdictional objections listed in V.R.C.P. 12(h)(1) within the time and in the manner prescribed by that rule, else they are waived." *Id.*

Mr. Messier argues that Ms. Bushman was in default at the time of her motion. Ordinarily, the answer is required to be filed within 20 days of service. V.R.C.P. 12(a)(1)(A). Mr. Messier notes that Ms. Bushman's answer was not filed within 20 days of receipt of his mailing at her residence or the day her parents opened the letter. He apparently considers that a default and a waiver under *Myers* and Rule 12(h)(1).

*Myers* does not require the result urged by Mr. Messier, and the court declines to so interpret it. The issue is explained in a leading treatise as follows:

> Although this approach has the desirable effect of compelling the early assertion of the Rule 12(b)(2) through Rule 12(b)(5) defenses, it is premised on an overly strict interpretation of the language of Rule 12(a) and Rule 12(h)(1). The former provision only deals with the time at which the pleading must be served and is silent on the question of waiver. The latter provision does not call for the assertion of the defense within the time provided in Rule 12(a) for serving a responsive pleading; it merely dictates waiver if the defense is not made by motion or included in the responsive pleading, presumably whenever it may happen to be served. There do not appear to be any recent cases applying the Rule 12(a) benchmark for waiver.

5C Wright & Miller et al., Federal Practice & Procedure: Civil 3d § 1391 (footnote omitted); see also *Rollo v. Cameron*, 2013 VT 74, ¶ 12, 194 Vt. 499 (describing the holding of *Myers* as follows: "we have held that where, as here, a party was afforded actual notice of an action, *and later suffers a default judgment*, the failure to plead defective service results in a waiver of the issue on appeal" (emphasis added)); *In re Stocker*, 133 Vt. 161, 163 (1975) ("[T]he failure to raise a defense based on insufficiency of service of process *for thirteen months* after the bringing of the appeal puts the question out of reach by waiver." (emphasis added)).

Unlike in *Myers*, this is not a case where a defendant perceived a service defect, did nothing, allowed a default judgment to enter, and much later sought to avoid that judgment under Rule 60(b). Ms. Bushman promptly filed an answer and Rule 12 motion asserting the defect in service and there was never any motion for entry of a default judgment. Accordingly, she did not waive the defect in service issue under Rule 12(h)(1).

While the timely filing of the complaint tolled the statute of limitations for 60 days, it resumed thereafter when service on Ms. Bushman was not perfected and no extension of time for service was requested or granted. Now the limitations period has expired. Mr. Messier's tort claim against Ms. Bushman is untimely and must be dismissed.

*Mr. Messier's Motion for Partial Summary Judgment*

Mr. Messier seeks partial summary judgment on the issue of Ms. Bushman's tort liability. This matter is moot as the tort claim is untimely.

*Mr. Messier's Motion for Entry of Default against Travelers*

Mr. Messier filed a motion seeking the entry of default because Travelers failed to plead or defend in a timely manner. V.R.C.P. 55(a). The court declines to enter any default. The record is clear that the attorneys for Mr. Messier and Travelers were in communication, Travelers verified that it was properly served on Mr. Messier's request, and Mr. Messier assented to an open-ended extension for Travelers' answer or defense on its request. See *Desjarlais v. Gilman*, 143 Vt. 154, 158–59 (1983) ("[T]he rules relating to default judgments should be liberally construed in favor of defendants, and of the desirability of resolving litigation on the merits, to the end that fairness and justice are served.").

*Travelers' Motion to Dismiss*

Mr. Messier claims that Travelers failed to voluntarily pay his claim pre-suit. It offered, he asserts, a settlement amount that he was unwilling to accept. This, he claims, violated Vermont's Consumer Protection Act, 9 V.S.A. §§ 2451–2466b. Travelers argues that the selling of insurance falls outside the scope of the Act altogether and, in any event, Mr. Messier is a stranger to the transaction to which it otherwise might apply: Ms. Bushman's purchase of insurance from Travelers.

In 1981, the Vermont Supreme Court ruled that insurance is not a good or service within the meaning of the Consumer Protection Act. *Wilder v. Aetna Life & Cas. Ins. Co.*, 140 Vt. 16, 18 (1981). As explained in a recent trial court decision, subsequent statutory amendments appear to undermine the basis for this holding of *Wilder*. See *Blake v. Progressive Northern Ins.*, No. 164-9-15 Oecv, 2016 WL 1167746, *1–2 (Vt. Super. Ct. Feb. 4, 2016) (concluding that insurance now is within the meaning of good or service and subject to the Act). As the *Blake* decision explains, there now is a split among the few trial courts to have addressed whether *Wilder* remains good law on this issue.

The court need not add its voice to the debate over *Wilder* here. If the Act now applies to first party insurance transactions, matters between the insurance company and its insured, the court concludes that it nevertheless does not apply to the claims of third parties such as Mr. Messier. Mr. Messier is a tort plaintiff only. He had nothing to do with Ms. Bushman's purchase of insurance from Travelers. He therefore is not a consumer under the Act. See 9 V.S.A. § 2451a(a) ("'Consumer' means any person who purchases, leases, contracts for, or otherwise agrees to pay consideration for goods or services not for resale in the ordinary course

4

of his or her trade or business but for his or her use or benefit or the use or benefit of a member of his or her household.").  Mr. Messier neither bought nor attempted to buy anything from Travelers.

There also was no misleading act "in commerce."   Commerce refers to the "consumer marketplace." *Foti Fuels, Inc. v. Kurrle Corp.*, 2013 VT 111, ¶ 21, 195 Vt. 524.  "[T]ransactions resulting not from 'the conduct of any trade or business' but rather from 'private negotiations between two individual parties who have countervailing rights and liabilities established under common law principles of contract, tort and property law' remain beyond the purview of the statute." *Id*.  This is the case here.  The Act simply does not apply to Mr. Messier's pre-suit settlement negotiations with Travelers.

ORDER

For the foregoing reasons:

(a) Ms. Bushman's motion for judgment on the pleadings is granted;
(b) Mr. Messier's motion for partial summary judgment is denied as moot;
(c) Mr. Messier's motion for entry of default is denied; and
(d) Travelers' motion to dismiss is granted.

A separate judgment is issued this date.

Dated at Montpelier, Vermont this 10th day of August 2017.


_____
Mary Miles Teachout
Superior Judge