VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      24-AP-194



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MARCH TERM,   2025

Amy Spooner v. Jon Milizia\*

}   APPEALED FROM:
}   Superior Court, Chittenden Unit,
}   Family Division
}   CASE NO. 23-FA-01526
   Trial Judge: Elizabeth Novotny

In the above-entitled cause, the Clerk will enter:

Defendant Jon Milizia appeals pro se from a family division order granting plaintiff Amy Spooner's motion to extend a final relief-from-abuse (RFA) order.  We affirm.[1]

In June 2023, plaintiff filed a complaint seeking an RFA order against defendant, a member of her household.  See 15 V.S.A. § 1103(a) ("Any family or household member may seek relief from abuse by another family or household member . . . by filing a complaint under this chapter.").  She alleged that defendant had placed her in fear of imminent, serious physical harm and requested that he be ordered to vacate the apartment they were sharing, which was rented in her name.  The court set a hearing and issued a temporary order requiring defendant to leave the apartment and stay away from plaintiff.

Both parties appeared at the hearing, where they stipulated to the issuance of a final RFA order and waived factual findings.  Among other things, the final order mandated that defendant

---

[1] Defendant moved to strike plaintiff's principal brief on grounds that it does not comply with the requirements of Vermont Rule of Appellate Procedure 28.  The motion is denied.  Contrary to defendant's argument, plaintiff's brief includes a statement of the issues, and no statement of the case was required because plaintiff is the appellee.  See V.R.A.P. 28(a)(1), (b) (providing that appellee's principal brief need not include statement of case).  We decline to strike plaintiff's pro se brief on the basis of the additional contentions outlined in defendant's motion to strike.  However, we note that factual assertions contained in plaintiff's brief have not been considered by this Court to the extent that they are not part of the record below.  See Hoover v. Hoover, 171 Vt. 256, 258 (2000) ("[O]ur review is confined to the record and evidence adduced at trial.  On appeal, we cannot consider facts not in the record.").

refrain from abusing, stalking, or threatening plaintiff and remain at least 300 feet away from her and her residence. By its terms, the order was to remain in place for one year, until June 22, 2024.

On June 20, 2024, plaintiff filed a motion seeking to extend the final order for an additional year. In support of this request, she alleged that defendant continued to violate the terms of the final order and she remained in fear for her safety. She further noted her belief that defendant could be living in a home located across the street and less than 300 feet away from her apartment. The court scheduled a hearing on plaintiff's motion for July 8, 2024, and provided that the final order would remain in effect until that time.

Defendant appeared at the July 8 hearing by video. The court initially indicated that plaintiff was not present by video or in the courthouse and orally denied the motion to extend based on her apparent failure to appear. Shortly thereafter, however—and while defendant was still present in the hearing—the court explained that there had been a mistake. Plaintiff was in the courthouse when the hearing was scheduled to begin, but the court was unaware of this due to an internal miscommunication. It therefore vacated its order denying plaintiff's motion and told the parties that the evidentiary hearing would proceed. Defendant responded, "okay."

Plaintiff and defendant both represented themselves and testified at the hearing. Defendant called one witness, a resident of the neighboring home plaintiff referenced in her motion. The witness testified that defendant did not live with her, but that they were close friends and exploring a romantic relationship.

Based on the evidence presented, the court made the following findings. Prior to the issuance of the underlying order, defendant abused plaintiff by causing her physical harm— including strangling her to the point of impeding her breathing—and making threats to kill her that he characterized as "promises." See 15 V.S.A. § 1101(1)(A)(i), (ii) (defining "abuse" to include causing household member physical harm or placing household member in fear of imminent serious physical harm). Given the serious nature of the past abuse and defendant's ongoing relationship with plaintiff's neighbor, plaintiff remained reasonably in fear of serious bodily injury, and there was a danger of further abuse.

The court therefore granted plaintiff's request for a one-year extension of the final order, concluding that this was necessary to protect her from abuse. See 15 V.S.A. § 1103(e) (providing that court may extend RFA order "upon motion of the plaintiff, for such additional time as it deems necessary to protect the plaintiff . . . from abuse"). This appeal followed.

On appeal, defendant does not challenge the trial court's findings or conclusions. He argues instead that its extension of the final RFA order should be reversed on procedural grounds.

Defendant first asserts that he was not served and, as a result, he was deprived of his constitutional right to due process when the court moved forward with the July 8 hearing, which he therefore characterizes as an impermissible ex parte proceeding.[2] It is not entirely clear from

---

[2] Although we do not reach the merits of these contentions given our conclusion regarding preservation, we note that an ex parte proceeding is one "in which not all parties are

defendant's brief which filing or order he alleges was not served on him, though the context of his argument suggests that he refers either to plaintiff's motion to extend or the family division's subsequent hearing notice. It is apparent from the record, however, that defendant had actual notice of both plaintiff's motion and the related hearing, and that he failed to preserve any issue related to this claimed lack of service for our review by raising it below. See Rollo v. Cameron, 2013 VT 74, ¶¶ 9-12, 194 Vt. 499 (explaining that where defendant had actual notice of RFA action, "[t]o properly assert the defense of insufficient service of process, defendant needed to either file a motion to dismiss prior to the final [RFA] hearing or raise the defense at the hearing itself").

It is not disputed that defendant was aware the court had scheduled a hearing on plaintiff's motion. He appeared at the scheduled time and was prepared to call a witness who offered testimony relevant to an allegation included in the motion. See, e.g., Poss v. Alarie, 2023 VT 55, ¶ 13 (observing that it was undisputed that defendant received notice prior to final RFA hearing where, among other things, he "arrived at the hearing at the scheduled time" and "brought exhibits with him"). Indeed, defendant conceded he was aware of the hearing in his notice of appeal to this Court, stating:

> On 7.8.24, a motion hearing to extend this docket was scheduled. Def. did not accept service. Def, voluntarily phoned the court to . . . access the courtroom with the intent of stating on and for the record that he had not accepted service, and could not consent to any further proceeding with the other party at this time.

However, defendant does not identify any portion of the record supporting the proposition that he in fact raised this objection during the hearing. See V.R.A.P. 28(a)(4)(A) (providing that appellant's principal brief must contain "the issues presented, how they were preserved, and appellant's contentions and the reasons for them—with citations to the . . . parts of the record on which the appellant relies"). To the contrary, defendant stated during the hearing: "I was not served on 6/22 . . . just for the record, I was served on the second of June." Given the timing of plaintiff's filing, defendant presumably intended to reference service on the second of July. In any event, "[t]o properly preserve an issue for appeal a party must present the issue with specificity and clarity in a manner which gives the trial court a fair opportunity to rule on it." State v. Ben-Mont Corp., 163 Vt. 53, 61 (1994). Defendant's statement about when he received service did not preserve the claim of lack of service he now seeks to raise on appeal. See, e.g., Poss, 2023 VT 55, ¶ 12 (concluding that RFA defendant failed to preserve claim of insufficient notice of RFA hearing where he stated at hearing that he was served with notice sixteen hours earlier but made no related request for relief).

Defendant next argues that the family division erred in granting plaintiff's motion because it had already dismissed the action with prejudice based on plaintiff's apparent failure to appear. Defendant does not identify any portion of the record supporting the conclusion that the court dismissed the action with prejudice. See V.R.A.P. 28(a)(4)(A). Instead, as noted above,

---

present or given the opportunity to be heard." Ex parte proceeding, Black's Law Dictionary (12th ed. 2024). As discussed above, both parties were present at the July 8 hearing and given the opportunity to be heard.

3

the court indicated that it was denying plaintiff's motion to extend, but later vacated that ruling on grounds of mistake. Moreover, when the court informed defendant that the hearing would proceed, he replied, "okay." He has not demonstrated that he otherwise preserved this issue for our review. See id. As a result, we do not consider it.

Defendant also asserts that the parties are already subject to a "no contact agreement" and claims that the trial court failed to respond to certain unspecified questions he asked regarding "legal intent" and this Court's precedent. To the extent that defendant intended to raise arguments in connection with either of these observations, they are inadequately briefed, and we therefore decline to address them. See Swett v. Gates, 2023 VT 26, ¶¶ 35-36 (declining to address inadequately briefed argument).

Defendant has not shown that the family division erred in granting plaintiff's request to extend the final RFA order.

Affirmed.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

William D. Cohen, Associate Justice

Nancy J. Waples, Associate Justice

4